ALLEN v. PETTY.

1. USURY—LIMITATION OF ACTIONS—COUNTER-CLAIM.—Claim for stat-
   utory penalty for accepting usurious interest as a counter-claim, is
   not barred in three years.

2. THE COUNTER-CLAIM provided by Rev. Stat., 1391, to an action on
   contract for usurious interest, does not survive and cannot be set
   up by debtor's personal representative and heirs against suit on his
   contract.

3. APPEAL.—Party appealing from finding of fact must show that pre-
   ponderance of evidence is against such finding.

Before BUCHANAN, J., Cherokee, January 26, 1900.    Af-
firmed.

Foreclosure by A. G. Allen against Harriet V. Petty *et al.*
From Circuit decree, defendants appeal.

*Mr. J. C. Jeffries,* for appellant, cites : *Plaintiff should not
have been permitted to amend his reply:* 24 S. C., 316; 49 S.
C., 345; 19 Am. R., 31.    *Defect of parties cannot be made
by oral demurrer:* 43 S. C., 394; 54 S. C., 203.    *Personal
representative and heirs can set up claim of usury:* 47 S. C.,
408; 29 S. C., 508; 26 Ohio St., 59; 17 Kan., 355; 55 Ind.,
341; 37 Ga., 364; 5 L. R. A., 465.    *Payments of usurious
interest should be credited on note:* 44 Ill., 405; 141 U. S.,
384; 37 Ill., 331; 77 Ill., 525; 80 Va., 379; 21 W. Va., 523;
5 Leigh., 478; 4 Mnf., 243; 6 L. R. A., 427; 35 Ill., 40.

*Messrs. Bomar & Simpson,* contra, cite: *Under U. S.
Statute, payment of illegal interest cannot be applied to the
principal debt:* 98 U. S., 557; 104 U. S., 52; 111 U. S., 31,
197; 112 U. S., 482; 22 S. C., 181; 80 Va., 379.    *Right to
set up counter-claim does not survive:* 20 S. C., 478

July 16, 1900.    The opinion of the Court was delivered by
MR. JUSTICE GARY.    That part of the special master's
report which states the facts of the case is as follows: "This

is an action brought by Mrs. A. G. Allen against the admin-
istrator of the estate of C. C. Petty, deceased, as well as
against his heirs at law, to foreclose a mortgage given her by
the said intestate. The note given by C. C. Petty to Mrs.
Allen is as follows: '$600.00. Twelve months after date, I
promise to pay to Mrs. A. G. Allen, or order, the sum of
$600, for value received, with interest from date until paid
at the rate of eight per cent. per annum, interest to be paid
annually, or to be added to principal annually, and bear in-
terest at same rate as principal till paid. December 31st,
1891. (Signed) C. C. Petty.' A mortgage was also exe-
cuted and delivered to Mrs. Allen, or to her agent, covering
some land in Cherokee County, to secure the payment of the
said note. The following paper was also given to the agent
of Mrs. Allen at this time: 'Whereas, C. C. Petty has this
day borrowed from Mrs. Annie G. Allen the sum of $600,
and agreed to pay her interest at the rate of ten per cent. per
annum; now, therefore, I personally guarantee that the said
interest shall be paid annually, without any plea of usury by
the said C. C. Petty. December 31st, 1891. (Signed) W.
S. Thomason.' All these several papers were in the hand-
writing of W. S. Thomason, who seemed to have repre-
sented both parties in these dealings with each other, and in
receipting for and collecting interest for Mrs. Allen for sev-
eral years. The paper last above copied, signed by W. S.
Thomason, was kept with the note herein sued on, and seems
to have been considered practically a part of the same; and in
pursuance of the agreement evidenced by said paper, C. C.
Petty paid interest on the note, not as stipulated therein, but
at the rate of ten per cent., namely: $60 a year, as shown by
the credits on the note in handwriting of Judge Thomason,
the receipts also in his handwriting, and the testimony of
Mrs. Allen, and her declarations to C. C. Petty. In addi-
tion to these payments of interest, defendant claims that C.
C. Petty paid to W. S. Thomason, former attorney of Mrs.
Allen, the sum of $100, which he claims should be credited
on the note. No receipt was produced on the trial for this

16—58

payment, although receipts were shown for the payments of interest, and no effort was made on the part of defendant to fix the time and place of the alleged payment. The testimony on this point is indirect and rather vague, and it is unfortunate, if this payment was really made, that the reference was not brought on in the lifetime of Judge Thomason, who could have furnished direct evidence on this point, and that it should have been left in its present unsatisfactory shape. In the light of the above testimony, I find as follows: (1) That the note sued on herein was usurious in its inception, but if not usurious, payments of interest were made upon it from the date of its maturity up to and including the payment of January, 1897. (2) That Judge Thomason was the agent and attorney of plaintiff throughout these transactions. (3) That the evidence is not sufficient to show the payment of $100, and hence same is disallowed. The questions of law involved herein are new and rather difficult to solve. The plaintiff demurred to the answer on two grounds: 1st. That the counter-claim is based upon a statutory remedy in the nature of a penalty, the right of action on which does not survive; and 2d. If it does survive, it does not survive on behalf of the parties who are now claiming its benefits."

The special master concludes his report as follows: "From these conclusions it follows that the plaintiff must recover of the defendant merely the face of the note, without interest or costs * * *" The Circuit Judge confirmed the said report and rendered judgment of foreclosure.

The appellant's first exception assigned error on the part of the Circuit Judge as follows: "I. Because he did not sustain the defendant's first exception to the report of the said referee, which was as follows: '1. The referee erred in allowing the statute of limitations to be interposed by the plaintiff as an "amendment to their reply." ' The error complained of being that the said referee allowed an amendment to plaintiff's reply by allowing the statute of limitations to be pleaded in the said reply after the testimony had

closed." The defendants alleged in their answer that the said agreement was usurious, and set up as a counter-claim the yearly payment of $60 for five years, aggregating $300, and double the amount of alleged usurious interest, to wit: six per cent. on $600 for five years, amounting to $180. The special master in his report states correctly the doctrine that the statute of limitations has no application to a case like this—citing *Mortgage Co.* v. *Gillam,* 49 S. C., 359. So that even if there was error, it was harmless, especially in view of the conclusions hereinafter announced.

The second exception imputes error as follows: "II. In not sustaining defendant's second exception to the report of the referee, which was as follows: '2. The referee erred in sustaining the first ground of demurrer. (a) In holding that a counter-claim based upon a statutory remedy in the nature of a penalty ·does not survive. (b) In holding that the counter-claim based upon a statutory remedy in the nature of a penalty does not survive to the administrators, heirs at law and distributees of the deceased. In sustaining the first ground of plaintiff's demurrer.' Wherein it is respectfully submitted that the Circuit Judge erred: (a) In sustaining the referee and in holding that a counter-claim based upon a statutory remedy is in the nature of a penalty, and does not survive. (b) In sustaining the referee and in holding that it does not survive to the administrators, heirs at law, and distributees of the deceased. (c) In sustaining the referee and in holding that the counter-claim set up herein is in the nature of a penalty or is a penalty. (d) In sustaining the referee and in considering the oral demurrer of the plaintiff as to defect of parties defendant at the hearing before him after answer." Sections 1390 and 1391 of the Rev. Stat. are as follows: "No greater rate of interest than seven per cent. per annum shall be charged, taken, agreed upon or allowed upon any contract arising in this State for the hiring, lending or use of money or other commodity, except upon written contracts, wherein, by express agreement, a rate of interest, not exceeding eight per

cent., may be charged. No person or corporation lending or advancing money or other commodity upon a greater rate of interest, shall be allowed to recover in any Court in this State any portion of the interest so unlawfully charged; and the principal sum, amount or value so lent or advanced, without any interest, shall be deemed and taken by the Courts of this State to be the true legal debt or measure of damages, to all intents and purposes whatsoever, to be recovered without costs. * * * 1391. Any person or corporation who shall receive, as interest, any greater amount than is provided for in the preceding section, shall, in addition to the forfeiture therein provided for, forfeit also double the sum so received, to be collected by a separate action, or allowed as a counter-claim to any action brought to recover the principal sum."

This case is to be decided by the law in force when the act of 1898 was passed, regulating the rate of interest; for there is an express provision in said act that it should not apply to contracts made before it went into effect. There are also distinct penalties provided by sections 1390 and 1391 of the Rev. Stat. The penalty for a violation of section 1390 is that neither interest nor costs shall be allowed the plaintiff, but he is restricted to a recovery of the principal. The penalty for a violation of section 1391 is that the person or corporation receiving usurious interest shall, in addition to the forfeiture mentioned in section 1390, forfeit double the interest received in excess of the rate allowed by law. We will first consider whether there was error on the part of the Circuit Judge "in sustaining the special master and in holding that a counter-claim based upon a statutory remedy is in the nature of a penalty and does not survive." A counter-claim cannot be set up when usurious interest is "taken," under section 1390. That is not one of the penalties provided by that section. The Court cannot allow a penalty which is not to be found in the statute. *McBroom* v. *Scottish Co.,* 153 U. S., 318. We are, therefore, restricted to a consideration of section 1391 in determining this question. The counter-claim can, in no sense, be said to arise *ex contractu;* on the

contrary, it must be classed with those actions arising *ex delicto.*    In the case of *Middleton* v. *Robinson,* 1 Bay, 58, the Court says: "The common law gives no remedy to or against executors for torts nor trespasses, &c."    In order to mitigate the hardship of the common law, the statute, 4 Edw. 3, C. 7 (Rev. Stat., section 2319), was enacted and is as follows: "Executors, in cases of trespass done to their testators, as of the goods and chattels of the same testators carried away in their life, shall have an action against the trespassers, and recover their damages in like manner as they whose executors they are, should have had if they were in life."    It will be seen at a glance that this section is not applicable to the present case.    In Enc. of Pl. & Pr., vol. 5, p. 811, the doctrine is thus stated: "At common law, the death of the plaintiff, in an action to recover a penalty, abated the action, and such is still the general rule in the United States."    See, also, *Jenkins* v. *Bennett,* 40 S. C., 393; *Huff* v. *Watkins,* 20 S. C., 477, and *Ford* v. *Caldwell,* 3 Hill, 248.    In the case of *Zeigler* v. *Maner,* 53 S. C., 115, it was decided that the purchaser of property affected by an usurious contract, did not have the right to interpose the plea of usury, on the ground that such plea is personal to the debtor.    If a purchaser of such property cannot set up the defense of usury, even when he paid value for the property, it would seem, for a stronger reason, that mere volunteers would not have the right to avail themselves of that defense.    As we have reached the conclusion that the right to set up the counter-claim did not survive, the other questions presented by this exception become merely speculative and need not be considered.

The third, fourth and fifth exceptions are as follows: "III. In not sustaining defendants' third exception to the report of the referee, which was as follows: '3. The referee erred in holding that the five payments of usurious interest of $60 each should not be credited on the note or reduce the amount from $600 to $300.'    Wherein it is respectfully submitted that the Circuit Judge erred in sustaining the referee and in not allowing the counter-claim.    The error complained of

being that defendants' intestate having made five payments
of usurious interest of $60 each, these defendants, under a
proper construction of sec. 1390 R. S., would be entitled to
have credited on the note and mortgage the sum of $300 as
counter-claim for usurious interest paid plaintiff.   IV. In
refusing to sustain defendants' fourth exception to the report
of the referee, which was as follows : '4. The referee erred in
failing to sustain defendants' counter-claim of double the
amount of usurious interest collected.'   Wherein it is re-
spectfully submitted the Circuit Judge erred in not holding
that, under a proper construction of sec. 1391 R. S., the de-
fendants were entitled to their counter-claim of double the
amount of usurious interest collected, the Circuit Judge
thereby disallowing defendants' counter-claim of $90.   V.
In not sustaining the defendants' fifth exception to the report
of the referee, which was as follows : '5. The referee erred
in holding that there should be a foreclosure of the mortgage
herein for the amount of $600, when he should have held
that it should be for $180, if not allowing the credit of $100
paid to the attorney and agent of Mrs. Allen.'   Wherein it
is respectfully submitted that the Circuit Judge erred in sus-
taining the referee, and in holding that there should be a
foreclosure of the mortgage for $600; whereas, it is respect-
fully submitted he should have held that the foreclosure
should be for $180, if not allowing the credit for $100 paid
to the attorney or agent of Mrs. Allen.   Thereby disallowing
defendants' counter-claims for $420."   The questions raised
by these exceptions are disposed of by what was said in con-
sidering the second exception.

The sixth exception is as follows : "6. In not sustaining
defendants' sixth exception to the report of the referee,
which was as follows : '6. The referee erred in not sustain-
ing the counter-claim of $100 set up by the defendants as
having been paid to W. S. Thomason, agent and
attorney of Mrs. Allen.'   Wherein it is respectfully
submitted that the Circuit Judge erred in sustaining
the referee, and in not allowing defendants' credit for $100

paid by defendants' intestate to W. S. Thomason, agent and attorney for plaintiff, thereby disallowing defendants' counter-claim of $100." It was incumbent on the appellants to satisfy this Court by the preponderance of evidence that the Circuit Judge erred, as alleged in the exceptions, but they have failed to do so. This exception must likewise be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.