## HEYWARD v. WILLIAMS.

USURY.—Note drawn in 1886, due three years after date, with interest after maturity at ten per cent., executed at same time with six notes for $200 each, for semi-annual interest, on the original note for three years at ten per cent., and if not paid at maturity to draw interest at ten per cent., all set out and described in a mortgage securing the same, make up one contract. Collection of these six notes, with interest after maturity at ten per cent., and of ten per cent. interest in advance on the principal note after maturity, are not usurious taking of interest.

Before ALDRICH, J., Beaufort, June, 1901.    Affirmed.

Action by A. H. Heyward against C. A. Williams, A. S. Williams, H. M. Comer & Co., Wulbern & Co., M. Hornick & Co., Phillips & Meyers, J. B. Lowenburg, Pincus & Co. and John K. Garnett.    From judgment for plaintiff, defendants, C. A. and A. S. Williams, appeal.

*Messrs. W. J. Verdier* and *W. J. Thomas,* for appellants, cite: *There is no express agreement to pay ten per cent. interest before maturity of note:* 18 Stat., 35; 26 S. C., 525; 34 S. C., 179; 30 S. C., 61. *Counter-claim is not barred:* 18 Stat., 36; 49 S. C., 358; 58 S. C., 242; 30 S. C., 61. *Application of payments in cases of usury:* 141 U. S., 384; 36 S. E. R., 586; 31 S. C., 286; 29 S. E. R., 225. *Statute of limitations as to usury:* 26 S. E. R., 990; 36 S. E. R., 586. *As to what is usury:* 18 Stat., 35; 31 S. C., 286.

*Messrs. Trenholm, Rhett, Miller & Whaley,* contra, cite: *All the papers together make up the contract:* 53 S. C., 32; 30 S. C., 67; 27 Ency., 990, 991. *Rule as to payments:* 15 Ency., 249; 2 Ency., 410; 1 Strob., 467.

April 15, 1902.  The opinion of the Court was delivered by

MR. JUSTICE JONES.    The complaint herein was to foreclose a mortgage, and the answer, among other matters,

alleged that usurious interest had been charged and received, and interposed a counter-claim for double the alleged usurious interest collected.    The Circuit Court held that no usury had been charged and collected, and gave judgment for foreclosure for the amount claimed by plaintiff.    The defendants now appeals upon exceptions challenging the correctness of such judgment.    The facts are that on November 15th, 1886, the defendant, C. A. Williams, executed to Daniel H. Baldwin a note for $4,000, payable three years after date, with interest after maturity at ten per cent. per annum, at the same time executing six other notes each for $200, payable at intervals of six months, which represented interest upon the $4,000 note from date to maturity at the rate of ten per cent. per annum.    To secure these seven notes the mortgage was given, and in the mortgage the notes are described and it is stipulated "that if the said Charles A. Williams do and shall well and truly pay or cause to be paid unto the said Daniel H. Baldwin, &c., the said several notes, with interest thereupon after maturity at the rate of ten per cent. per annum, if any shall be due, according to the true intent and meaning of the said several notes, then this deed of bargain and sale shall cease, determine and be utterly null and void, otherwise it shall remain in full force and virtue."    The statute in force at the time of this contract provided "No greater rate of interest than seven (7) per centum per annum shall be charged, taken, agreed upon or allowed upon any contract arising in the State for the hiring, lending or use of money, or other commodity, except upon written contract, wherein by express agreement a rate of interest not exceeding ten per cent. may be charged."    18 Stat., 35.    Now, it is contended in the answer that Baldwin received $1,210.70 as interest on said note from date to maturity, which defendant claimed was $370.70 over legal interest, and that such collection of unlawful interest forfeited all interest, and that said sum should be credited on the principal debt.    But the proof was that the payments aggregating said $1,210.70 were for the six $200 notes, which were given for interest at

ten per cent. per annum for three years on the $4,000, including $10.70 as interest on one deferred payment of $200, at ten per cent. from the time it was due to the time of payment. These six interest notes met the requirements of the statute, and constituted an express agreement in writing to pay interest on $4,000, at ten per cent. per annum. It was competent to so contract as to the payment of interest, and these interest notes would bear interest from their maturity. These interest notes are not set out in the record in terms, and we cannot say whether by their terms they bear interest after maturity at ten per cent. The Circuit Court, however, found in reference to the $200 interest note upon which the $10.70 interest was paid, that "according to the terms of the note, if the $200 was not paid at maturity, it bore interest at the rate of ten per centum per annum. It was not paid at maturity, nor until June 11, 1890, when it was paid, principal and interest aggregating $210.70, as computed by the parties," and there is no specific exception to such finding. If, then, by the terms of the interest note, it bore interest after maturity, at ten per cent., there was no payment and receipt of unlawful interest with reference to the $10.70. The note for $4,000 matured November 15, 1889, and by its terms bore interest from maturity at ten per cent. It is not claimed that there was any usury in this contract. The evidence shows the following payments after maturity: May 24th, 1890, $1,000; October 15, 1890, $208.27; April 10, 1891, $155.40; July 7, 1891, $150; November 25, 1891, $150; January 7, 1893, $761.21; January 17, 1894, $299.75.

The following statement prepared by respondent's counsel we think correctly shows the status of the legal rights of the parties with respect to the debt and payment thereon:

Principal due Nov. 15, 1889, with interest at ten
　per cent. ............................$4,000 00
May 24, 1890. First payment.....$1,000 00
May 24, 1890. Int. on $4,000 from
　Nov. 15, '89, to date........... 210 00

| | | | |
|---|---|---|---|
| Balance after paying accrued interest | | 790 | 00 |
| Principal due May 24, 1890........ .. | | 3,210 | 00 |
| Oct. 15, 1890. Second payment.... | $208 27 | | |
| Oct. 15, 1890. Int. on principal ($3,210), from May 24 to date.. | 125 67 | | |
| Balance to be applied in reduction of principal ..................... | | 82 | 60 |
| Principal due Oct. 15, 1890...... | | $3,127 | 40 |
| April 10, 1891. Third payment.... | $155 40 | | |
| Int. on principal, $3,127.40, from Oct. 15, 1890, to date.......... | 152 02 | | |
| Balance to be applied in reduction of principal ..................... | | 3 | 38 |
| Principal due April 10, 1891....... | | $3,124 | 02 |
| July 7, 1891. Fourth payment...... | 150 00 | | |
| Int. on principal from April 10 to date ........................ | 75 50 | | |
| Balance to be applied in reducing principal ..................... | | 74 | 50 |
| Principal due July 7, 1891......... | | $3,049 | 52 |
| Nov. 25, 1891. Fifth payment..... | $150 00 | | |
| Int. on principal from July 7, to date | 116 90 | | |
| Balance to be applied in reduction of principal ..................... | | 33 | 10 |
| Amt. actually due Nov. 25, 1891... | | $3,016 | 42 |

The evidence shows that the next payment of $761.21, January 7, 1893, was intended to include back interest, interest in advance to November 15, 1893, and $143.75 insurance paid by mortgagee on the mortgaged premises May 5, 1892, with interest on same.

The statement then proceeds:

| Syllabus. | [63 S. C. |
|---|---|
| Amount due Nov. 25, 1891........... | $3,016 42 |
| Int. thereon to Nov. 15, 1893....... | 594 88 |
| | |
| Amout due.................... | $3,611 30 |
| Amount paid Jan. 7, 1893......... $761 21 | |
| Less insurance paid May 5, '92, $143.75, and int. on same at 7 per cent. ...................... 150 51 | |
| Amount to be applied to note....... | 610 70 |
| Amount due with interest adjusted to Nov. 15, 1893.............. | $3,000 60 |

It appears from the evidence that the next payment, $299.75, January 17, 1894, was merely the interest on $3,000, at ten per cent., for one year from November 15, 1893, less twenty-five cents exchange.

It is, therefore, manifest that as matter of fact no usurious interest was received by Baldwin or his executor, unless the receipt of interest at a lawful rate in advance is usurious. The statute certainly does not forbid the taking of interest annually in advance. *Newton* v. *Woodley,* 55 S. C., 132. D. H. Baldwin's executor, on May 27, 1894, transferred the note and mortgage to the plaintiff, and on the note was indorsed these words, "$1,000, paid on account of the note. Interest paid up to November 15, 1894." No payment whatever has been made to plaintiff, and in his complaint he demands judgment of foreclosure for $3,000, with interest from November 15, 1894.

The judgment of the Circuit Court is affirmed.