### GARRIS, EXR., v. THOMAS.

USURY—ADMINISTRATOR—HEIR—ASSIGNEE.—Under the usury act of 1877-8, the right to collect the penalty for collecting usurious interest, or to object to the payment of same by a decedent, does not survive to his personal representative, heir at law or assignees.

Before BENET, J., Colleton, February, 1902, and KLUGH, J., April, 1902. Affirmed.

Action by C. W. Garris, executor of Wiley Smoak, against C. W. H. Thomas. From circuit decree, plaintiff appeals.

*Messrs. Howell & Gruber,* for appellants, cite: *Has the executor the right to raise the question of usury?* Acts 1877-8, 325; 27 S. C., 115.

*Messrs. Griffin & Padgett,* contra, cite. *Executor cannot raise this question:* 62 S. C., 165; 58 S. C., 240; 63 S. C., 540.

April 16, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was instituted for two purposes, viz: 1. That certain papers executed by Wiley Smoak in his lifetime, namely, a deed of conveyance to one F. W. Fairey of 105 acres of land, together with a lease of said land by F. W. Fairey to said Wiley Smoak, should be declared a mortgage of said lands by Wiley Smoak to said F. W. Fairey to secure the loan of the sum of $203 by the latter to the former. The dates were all contemporaneous, and occurred on the 15th December, 1881. 2. That the assignment of said lease and a quit claim deed of conveyance of said 105 acres by the executors, &c., of F. W. Fairey, deceased, should be delivered up for cancellation as a cloud upon the title to said lands. After testimony was taken before the master for Colleton County, in this State, the cause came on to be heard by Judge Benet, who by his decree adjudged that the papers which were made on the 15th December, 1881, by and between Wiley Smoak and F. W. Fairey should be held as a mortgage to secure the payment of $203, which sum was loaned on 15th December, 1881, by said Fairey to said Smoak. To the decree of Judge Benet, so far as it adjudged the papers executed on 15th December, 1881, to be a mortgage only to secure the loan of $203, there was no appeal. This question is, therefore, eliminated from this case. But there was left another and more serious question, which forms the subject matter upon which there is still a contention between parties to this action involved in the present appeal. We should have stated that Wiley Smoak departed this life testate some time in the year 1887, and that F. W. Fairey died about 1887. The plaintiff in this action is the executor of the said Smoak. In about the year 1895, the executors of F. W. Fairey trans-

ferred for value the said lease and executed a quit claim deed
of conveyance for said 105 acres of land to the said defend-
ant, C. W. H. Thomas, who is the defendant in this action.
The lease shows that F. W. Fairey rented the lands to
Smoak for $24.36 for each year, and that on the lease F. W.
Fairey indorsed thereon receipts of said $24.36 each year as
so much interest for each year. The executor of Wiley
Smoak also made two payments thereon. The plaintiff set
up in his complaint that it appeared that his testator has paid
interest on said loan of $203 at the rate of 12½ per cent. per
annum, which he claimed was usurious, and if said payments
of interest were held to be usurious, the debt of $203 was
wholly paid. Judge Benet in his decree held that the plain-
tiff, C. W. Garris, as executor could not plead usury as to
the payments of interest by his testator, Wiley Smoak, which
were received by Fairey in his lifetime. That the plea of
usury was a privilege personal to the debtor himself. He,
therefore, recommitted the case to the master to calculate the
amount due, if any. The report of the master came on to be
heard on exceptions thereto by his Honor, Judge Klugh, who
decreed that the plaintiff testator's estate was due the de-
fendant the sum of $138.38, with interest thereon from the
20th day of March, 1902.

From the decrees of Judges Benet and Klugh the plaintiff
now appeals on nine grounds; but as the appellant in his
able argument admits that these nine grounds of appeal prac-
tically raise but two questions, we will not reproduce in this
opinion the text of such nine grounds of appeal. We will
state the two questions in the language of the appellant:
"1. Was Judge Benet in error in deciding that under the
circumstances in the case Smoak's executor could not avail
himself of the plea of usury, and in refusing to hold that the
contract between the plaintiff's testator, Wiley Smoak, and
F. W. Fairey being for interest at the usurious rate of
twelve per centum per annum, was null and void, and that
all payments made by the said Wiley Smoak to the said
Fairey should have been credited upon the principal sum of

$203. 2. That the debt having matured on December 15,
1885, and there being nothing in the contract fixing the rate
at twelve per cent. per annum after maturity, Judge Klugh
was in error in sustaining the master in calculating the in-
terest at twelve per cent. from the date of maturity (Decem-
ber 15, 1885,) to the date of the last payment on interest,
December 15, 1892."

We will now examine these questions in their order.    It
is admitted on all hands that the act of our General Assem-
bly, approved on 10th February, 1898, 22 Stat. at Large,
749 and 750, has no application to this contract, because it
is expressly provided in said act, "that this act shall not
apply to contracts made before it goes into effect."   The
contract here sued upon was made 15th December, 1881.
But the appellant urgently insists that the act of the General
Assembly passed in the year 1877-1878, at page 325, when
properly construed, force the conclusion that the plaintiff,
appellant, though a party here in his representative char-
acter, can maintain this charge of usury as against his tes-
tator.   It must be borne in mind that this interest, if the
same was usurious, is an executed and not an executory
claim.   The language of the act of 1877-1878 no where by
its terms empowers an executor, administrator, or the heirs
at law or assigns of a deceased person, to introduce the claim
of their testator or intestate.   By several decisions of this
Court it has been held that it was the privilege of a debtor
himself to pay usury, but in every one of the decisions it
has been held that the provisions of the law which denounce
usury make the punishment thereof a penalty, which being
a penalty or forfeiture, is personal to the debtor and dies with
him; that it does not survive to his assignee or personal rep-
resentative.   *Allen* vs. *Petty,* 58 S. C., 240, 36 S. E., 586;
*Butler* v. *Butler,* 62 S. C., 165, 40 S. E., 138; *Bird* v. *Ken-
dall,* 62 S. C., 178, 40 S. E., 142.   In *Butler* v. *Butler, supra,*
at the earnest request of the appellant, this Court investi-
gated anew the questions decided in *Allen* v. *Petty, supra,*
and Chief Justice McIver as the organ of the Court an-

nounced that *Allen* v. *Petty, supra, must* stand as properly deciding such questions. So we must overrule this position of appellant.

2. We cannot sustain this exception. The charge of usury relating to payments made to the testator, Fairey, in his lifetime could have been used by Smoak in his lifetime, but the right does not survive to this personal representative, the plaintiff here. It was an executed payment in testator's lifetime. No objection was raised by him thereto. The right to object does not survive to the personal representative. The passage of the act of 1898, *supra,* is a virtual admission by the General Assembly that the law so stood prior to the date of that act. We cannot sustain the appellant here.

It is the judgment of this Court, that the judgment of the Circuit Court be and the same is hereby affirmed.