### 7946

#### COOKE v. YOUNG, ADMR.

Usury.—That a debtor for his own convenience chooses to pay before maturity the amount of principal and interest that will be due on a nonusurious contract at maturity does not operate to taint the transaction with usury.

Before W. B. Gruber, Special Judge, Spartanburg, March, 1911.    Affirmed.

Action by A. B. Cooke against W. F. Young, as administrator of S. T. Poineer.    Plaintiff appeals.

*Mr. J. W. Nash,* for appellant, cites: Code 1902, 1662, 1663; 76 S. C. 450; 51 S. C. 550; 72 S. C. 366; 57 S. C. 345; 2 Rich. 73; 1 S. C. 156; 30 S. C. 68; 77 S. C. 145; 82 S. C. 499; 23 L. R. A., N. S. 403; 33 L. R. A. 231; 22 S. E. 516; 90 N. Y. 442.

*Messrs. Sanders & DePass,* contra.    Oral argument.

July 7, 1911.    The opinion of the Court was delivered by

Mr. Chief Justice Jones.    This action was to recover forfeiture for alleged usury.    Jury trial was waived and the case, upon an agreed statement of the facts, was submitted to Hon. W. B. Gruber, presiding as Special Judge, who dismissed the complaint.

On··November 7, 1908, Arthur B. Cooke, the plaintiff, gave Samuel T. Poineer, defendant's intestate, two notes for $600 each, one due on January 1, 1910, and the other on July 1, 1910, with interest from date at 7 per cent. per annum, secured by a mortgage of real estate in the city of Spartanburg, S. C.

Plaintiff afterwards moved to California, and on July 21, 1909, inquired by letter of the administrator what he would take in cash payment of the notes by September 1st; to which the administrator replied that he was advised that he had no authority other than to collect the notes according to their tenor and could not discount the notes, but would receive the whole amount, if he desired to pay. On August 4, 1909, J. T. Willard, a real estate agent representing plaintiff, having sold the mortgaged property, paid to defendant's attorneys the amount due upon the notes and mortgage, with interest calculated to the maturity of the notes, the interest amounting to $117.60. The plaintiff brought action to recover double this sum, claiming that it was usurious to receive interest in .excess of the amount of interest accrued up to the date of payment.

The action is sought to be maintained under the provisions of sections 1662 and 1663 of the Code, as follows:

"No greater interest than seven (7) per cent. per annum shall be charged, taken, agreed upon or allowed upon any contract arising in this State for the hiring, lending or use of money or other commodity, either by way of straight interest, discount, or otherwise, except upon written contracts, wherein, by express agreement, a rate of interest not exceeding eight per cent. may be charged."

"Any person or corporation who shall receive or contract to· receive as interest any greater amount than is provided for in the preceding section shall forfeit all interest, and the costs of the action and such portion of the original debt as shall be due shall be recovered without interest or costs; and where any amount so charged or contracted for has

been actually received by such person or corporation, he or she, or they, shall also forfeit double the total amount received in respect of interest, to be collected by a separate action or allowed as a counterclaim in any action brought to recover the principal sum."

It is conceded that there is no usury in the terms of the contract. It cannot, therefore, be usury to receive payment according to such terms. The fact that the debtor for his own convenience voluntarily chooses to pay before maturity the amount of principal and interest due at maturity cannot operate to taint the transaction with usury, as that is nothing more than performance of a lawful contract, although tendered and accepted in advance of the stipulated time. The statute has no reference to the receipt of the principal debt. The receipt of the interest in advance of the time of stipulated payment could not be within the statute, which has been construed not to forbid the taking of lawful interest annually in advance. *Newton* v. *Woodley,* 55 S. C. 132, 32 S. E. 531; *Heyward* v. *Williams,* 63 S. C. 470, 41 S. E. 550.

The judgment of the Circuit Court is affirmed.