12654

SCHLOSBURG v. BLUESTEIN *ET AL.*

(148 S. E., 60)

312

314

316

318

322

*Messrs. L. A. Wittkowsky,* and *Mendel L. Smith,* for appellant,

*Mr. Harry Hines,* for respondent,

May 7, 1929.

The opinion of the Court was delivered by Mr. Justice Carter.

The facts and issues involved in this case are fully stated in the report of the Special Referee, Hon. R. E. Wylie, and the decree of the Circuit Judge, Hon. John S. Wilson, and, for the reasons set forth therein, the appellants' exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be, and the same is hereby, affirmed.

Mr. Chief Justice Watts and Messrs. Justices Blease and Stabler concur.

Mr. Justice Cothran (dissenting) : This is an action for the foreclosure of a mortgage upon real estate given by the defendant to the plaintiff as security for the payment of a note for $2,500, dated May 30, 1923, and due May 30, 1924, with "discount before and interest at the rate of eight per cent. per annum after maturity, payable annually." The sole question for decision is whether or not the plaintiff has subjected herself to the statutory penalty for usury which is set up by the defendant mortgagor as a defense and counterclaim.

It appears that, when the loan was consummated, the mortgagee paid to the mortgagor $2,300, which was the face of the note $2,500, less $200, discount retained for one year upon $2,500 at 8 per cent. When the note fell due on May 30, 1924, the mortgagee demanded that the interest again

be paid in advance for one year under threat of foreclosure. The advance payment was made, and the same demand, threat, and payment was made May 30, 1925, and May 30, 1926. It does not appear that the mortgagor made any objection to these advance payments, and it must be assumed that she agreed thereto upon the consideration of an extension of credit upon the note for another year.

The defendant now claims that the exaction of the advance payments of interest for the three years, 1924, 1925, and 1926, constituted usury, and subjected the mortgagee to the penalty prescribed in Section 3639 of the Code, the forfeiture of "double the total amount received in respect of interest," $300, $600, which should be allowed as a counterclaim against the mortgage debt.

I do not think that there can be a doubt but that *the terms of the note* permitted the deduction of the discount only for the first year, and that, after the maturity of the note, it bore *interest*, not discount, at the rate of 8 per cent. per annum, payable annually; the real question is whether or not the parties had the right, without violating the usury statute, in consideration of the extension of credit upon the note, to agree orally to pay and receive the advance payments of interest.

A large number of decisions, collated in 3 A. L. R., 877, I think a majority, hold that, where the original transaction was valid, free from the taint of usury, but subsequently, by a usurious agreement, the payment of the obligation was extended, the taint of the subsequent illegal contract does not affect the original contract. The decisions of this Court, however, take a contrary view; notably the case of *Harp v. Chandler,* 1 Strob., 461, followed the case of *Lewis v. Dunlap,* 112 S. C., 544, 100 S. E., 170. This appears to be the settled law of this jurisdiction; there is no disposition on my part to recede from it.

The crucial question then is, taking one as an example, Was the agreement of March 30, 1923, by which the mortgagor paid the discount in advance, of $200, for an exten-

sion of the debt to March 30, 1923, a usurious transaction?

It will be observed that the note as it originally stood was free from any possible suggestion of usury; it provided for discount before maturity at 8 per cent.; the deduction of $200 at the inception of the loan was authorized by the statute.

It is held in the cases of *Harp v. Chandler,* 1 Strob., 461, and *Caughman v. Drafts,* 1 Rich. Eq., 414, that the forbearance of a pre-existing debt, or what is the same thing, an agreement for an extension, *is a new loan,* the same as if a new paper had then been drawn up; an extension of the original note was necessarily an extension upon the same terms as were expressed in it, which permitted the deduction of a year's discount. In the place of executing a new paper with the precise terms of the old, the parties manifestly adopted it as the basis of the agreement for the extension. As the original note was free from usury when it was taken, it should be held similarly immune when adopted as the evidence of the new loan.