21244

Claire S. MANERS, Appellant, v. LEXINGTON COUNTY SAVINGS AND LOAN ASSOCIATION, Respondent.

(267 S. E. (2d) 422)

*George C. Kosko,* Columbia, *for appellant.*

*James Randall Davis,* Lexington, *for respondent.*

June 2, 1980.

Cox, Acting Associate Justice:

This is an appeal from an Order granting respondent's motion for summary judgment. We affirm.

In this action appellant seeks recovery of usurious interest pursuant to Section 34-31-50 of the South Carolina Code of Laws (1976). On June 3, 1974, Ted O. McGee Real Estate Company, Inc., (hereinafter McGee) built a house and obtained financing from respondent in the amount of Forty-three Thousand ($43,000.00) Dollars with interest at nine and one-half (9½) per cent per annum. The loan was secured by a real estate mortgage. On January 27, 1975, appellant contracted to purchase the house and lot from McGee, the consideration for the sale being Seven Thousand ($7,000.00) Dollars paid to McGee plus the assumption of the mortgage given by McGee to the respondent. Appellant made monthly principal and interest payments of Three Hundred Sixty-one and 59/100 ($361.59) Dollars. The sale was consummated on May 22, 1975, and appellant paid respondent an assumption fee of Fifty ($50.00) Dollars in November of 1975.

McGee is a South Carolina Corporation capitalized at One Thousand ($1,000.00) Dollars. At the time McGee

gave respondent its note and mortgage the maximum legal rate of interest allowable in South Carolina was nine (9%) per cent. S. C. Code Section 34-31-30 (1976). It is not questioned that appellant paid respondent nine and one-half (9½%) per cent interest.

Appellant asserts that the interest rate of nine and one-half (9½%) per cent is usurious and that she is entitled to recover the interest pursuant to Section 34-31-50 of the Code of Laws of South Carolina (1976).

Section 34-31-50 of the Code of Laws of South Carolina (1976) provides:

"Any person who shall receive or contract to receive as interest any greater amount than is provided for in Section 34-31-30 shall forfeit all interest and the costs of the action and such portion of the original debt as shall be due shall be recovered without interest or costs. When any amount so charged or contracted for has been actually received by such person he shall also forfeit double the total amount received in respect of interest, to be collected by a separate action or allowed as a counterclaim in any action brought to recover the principal sum." Section 34-31-70 of the Code of Laws of South Carolina (1976) sets up the persons who may plead the benefit of the usury statutes:

"The borrower and his heirs, devisees, legatees or personal representatives or any creditor or person having a legal or equitable interest in the estate or assets of such borrower . . ."

The trial judge ruled that appellant could not avail herself of the usury statute for three reasons: (1) appellant was not a borrower within the meaning of the statute; (2) appellant is precluded from asserting her usury claim because she expressly assumed the usurious mortgage as part of the consideration for the purchase of the real estate and; (3) appellant had no standing to allege usury because she was not in privity with respondent and would only enjoy such

rights as the original debtor would enjoy. The trial judge found that the original debtor would have no standing to allege usury due to the "misrepresentation as to the capital stock of the company."

We affirm the lower court on all three bases. First, ■ appellant was not a borrower within the meaning of Section 34-31-70 of the Code of Laws of South Carolina (1976). The defense of usury is personal to the borrower and those in privity with him. 45 Am. Jur. 2d *Interest and Usury* Section 288, p. 221. 91 C. J. S. *Usury* Section 79, p. 648. Usury statutes are penal in nature and must be strictly construed in favor of those against whom they are being enforced. *Frick Co. v. Tuten,* 204 S. C. 266, 29 S. E. (2d) 260 (1944). Those persons in privity with the borrower have been defined as: heirs, legal representatives and devisees of the borrower and those who stand, with respect to the tainted obligation, in the relation of guarantors, accommodation indorsers or sureties or creditors. 45 Am. Jur. 2d *Interest and Usury* Section 299, p. 222. Where a grantee of mortgaged property assumes payment of the mortgage debt he is not in privity. 45 Am. Jur. 2d *Interest and Usury* Section 299, p. 288.

Second, appellant is precluded from asserting her ■ usury claim because she expressly assumed the usurious mortgage as part of the consideration for the purchase of the real estate. A purchaser of mortgaged property who assumes payment of a usurious debt as part of the consideration may not defeat it on the ground of usury. 91 C. J. S. *Usury* Section 130; 45 Am. Jur. 2d *Interest and Usury* Section 229, *et seq.* The consideration stated in the deed was the sum of Seven Thousand ($7,000.00) Dollars and the assumption of "that certain mortgage from Ted O. McGee Real Estate Company, Inc. to Lexington County Savings and Loan with an outstanding balance of approximately Forty-two Thousand Eight Hundred Eighty-seven and 82/100 ($42,887.82) Dollars." Applying the above stated rule, appellant would not be entitled to claim usury.

Third, the lower court found that the appellant had no standing to allege usury in any event because she was not in privity with respondent and would only enjoy such rights as the original debtor would enjoy. Although the record is not clear, no exception was taken to the lower court's finding that McGee misrepresented to the respondent that it was a corporation capitalized at over Forty Thousand ($40,000-.00) Dollars. Section 34-31-80, Code of Laws of South Carolina (1976) precludes a corporation which is capitalized at over Forty Thousand ($40,000.00) Dollars from availing itself by way of defense or otherwise to any of the usury provisions; therefore, if McGee had been capitalized as represented then the nine and one-half (9½%) per cent interest rate would have been proper. Appellant is in no better position than the original debtor and will not be allowed to benefit from his misrepresentation. 91 C. J. S. *Usury* Section 130, p. 717.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.