**Joanne Mitchell WOLFE, Appellant,**

v.

**Charles William EBERT and Shirley Logston Ebert, Appellees.**

Civ. A. No. 83–575–15.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 22, 1983.

HAMILTON, District Judge.

This case is presented to the court by way of appeal from an order of the U.S. Bankruptcy Court for the District of South Carolina (hereinafter "Bankruptcy Court"). Jurisdiction is based upon 28 U.S.C. § 1334 (1976). The appellant, Joanne Mitchell Wolfe, excepts to the January 25, 1983, order of the Bankruptcy Court denying her claim for interest and attorneys' fees on an indebtedness. The Bankruptcy Court denied the claim upon the ground that the underlying transaction was usurious. The appellant contends that the debtors are es-

topped to claim usury as a defense to her claim.

On April 15, 1980, the S.L. Ebert School, Inc., executed a promissory note to Halmark School, Inc., and the appellant, Joanne Mitchell [now Joanne Mitchell Wolfe] for the purchase of the business of Halmark School, Inc. The appellee, Shirley Logston Ebert, was president and sole shareholder of the S.L. Ebert School, Inc., and personally guaranteed the indebtedness.[1] The note, drawn by the attorney for the appellees, provided for the payment of Seventy-one Thousand ($71,000.00) Dollars in monthly installments at an interest rate of twelve (12%) percent per annum.

There being no payments made upon this note, the appellant brought a collection action in the Court of Common Pleas for Lexington County and obtained a judgment in the amount of Sixty-five Thousand ($65,-000.00) Dollars as principal. The state court retained jurisdiction to rule on the availability of a recovery of interest and attorneys' fees. Prior to this determination, the appellees filed a joint wage-earner petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301–1330 (1982).

On December 13, 1981, the appellant filed a proof of claim for Sixty-five Thousand ($65,000.00) Dollars representing the judgment recovered on the aforementioned note. The appellant also asserted a claim for Eleven Thousand Seven Hundred ($11,-700.00) Dollars in interest and Seven Thousand Five Hundred ($7,500.00) Dollars in attorneys' fees[2] accrued from the date of the note to October 15, 1981. The debtors-in-possession objected to the portion of the claim representing attorneys' fees and interest upon the ground that the underlying note was usurious. A hearing was conducted on June 28, 1982, before the Honorable J. Bratton Davis, United States Bankruptcy

1. The memorandum and order of Judge Davis found that "The debtors [Charles William Ebert and Shirley Logston Ebert] are guarantors on the note."

2. The order of the Bankruptcy Court indicated that the amount of the claimed interest and

attorneys' fees totaled Seven Thousand Five Hundred ($7,500.00) Dollars. The amended proof of claim, submitted with the record for this appeal, indicates that the amount noted in the body of this order was the actual amount of the claim.

**936**

Judge for the District of South Carolina. By an order filed January 25, 1983, Judge Davis held that the underlying note was usurious and therefore the appellant could recover only the principal amount of the debt. S.C.Code Ann. §§ 34–31–30 to –50 (Law.Co-op.1976). The Bankruptcy Court rejected the appellant's contention that the debtor was estopped from pleading usury as a defense to the claim.

■ Since the S.L. Ebert School, Inc., was the primary obligor on the note, this court must analyze the transaction and determine if it could raise the defense of usury. The appellees, as guarantors, may only assert usury as a defense to the same extent as the principal debtor. 91 C.J.S. *Usury* § 132(b) (1955). If the note was usurious as to the S.L. Ebert School, Inc., then the appellees may avail themselves of the defense. *Id.* However, if the defense of usury is denied to the corporate debtor, the guarantors of the corporate debt may not assert the defense. *Id.* at § 132(d).

"The generally accepted definition of 'usury' is 'the taking of more for the use of money than is allowed by law.'" *Barringer v. Jefferson Standard Life Insurance Co.,* 9 F.Supp. 493, 495 (D.S.C.1935). The maximum interest allowed by law at the time this note was executed was ten (10%) percent per annum. S.C.Code Ann. § 34–31–30 (Law.Co-op.1976) [3] provided, *inter alia,* "that in the case of loans evidenced by written contracts in which the amount advanced exceeds fifty thousand dollars, but not more than one hundred thousand dollars, a rate of interest not exceeding ten percent may be charged . . . ." S.C.Code Ann. § 34–31–50 provided that "[a]ny person who shall . . . contract to receive as interest any greater amount than is provided for in § 34–31–30 shall forfeit all interest and the costs of the action and such

portion of the original debt as shall be due shall be recovered without interest or costs." Since the parties herein contracted for interest at a rate of twelve (12%) percent per annum, there can be no doubt that the note was usurious as defined in the *Barringer* case. The appellant seeks to escape the penalties of S.C.Code Ann. § 34–31–50 by asserting, on various grounds, that the debtors are estopped from asserting usury as a defense.

■ The appellant's first contention is that the debtors may not claim usury since the attorney for the debtors drafted the note. However, this argument fails to consider the bankruptcy implications involved in a Chapter 13 proceeding. The bankruptcy court is charged with protecting the interests of all creditors of the bankrupt. At the time this matter was heard in the Bankruptcy Court,[4] Bankruptcy Rule 13–301 provided:

(a) A proof of claim shall consist of a statement in writing setting forth a creditor's claim and setting forth facts showing that such claim is free from any charge forbidden by applicable law . . . .

(b) A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim, *but any creditor may be required by the court to establish,* by affidavit or in such other manner as the court may require before allowance of the claim, *that it is free from any charge forbidden by applicable law.*

(emphasis added). By the enactment of this rule, Congress intended, *inter alia,* to disallow claims which were usurious under state law. *See* Advisory Committee's Note to Bankruptcy Rule 13–301. This obligation of the court benefits all creditors, and as such, may be asserted by the court inde-

---

**3.** Subsequent to the execution of this note, the usury provisions of the South Carolina Code of Laws were repealed. At the time of its execution, however, the usury provisions were still in effect. This order will, therefore, cite the specific sections of the S.C.Code as they existed at the time of the execution of the note, April 15, 1980.

**4.** A new set of bankruptcy rules went into effect on August 1, 1983. This court, however, must analyze this case in light of the bankruptcy rules in effect at the time of the hearing before the Bankruptcy Court.

pendently of the debtors' right to assert usury as a defense.

An excellent discussion of the effect of this provision is contained in *In re Perry,* 272 F.Supp. 73 (S.D.Me.1967). In examining Section 656(b) of the Bankruptcy Act of 1898 (the predecessor to Rule 13–301 of the Bankruptcy Code of 1978), the court noted that the rule was devised to accomplish two primary objectives: "(1) of imposing on the *court* the responsibility of assuring that claims are free from usury; and, (2) of eliminating the need of establishing the *existence* of usury by shifting the burden to the lender to prove the *absence* of usury." 272 F.Supp. at 91 (emphasis in original). The court held:

> In invoking Section 656(b), the court is simply fulfilling a *mandatory obligation which must be honored irrespectively and independently of the debtor's right to contest the validity of the loan.* It makes no difference whether the debtor disputes the claim or not. Cf., *Parkfield Trust, Ltd. v. Dent,* (1931) 2 K.B. 579; (1931) All E.R. 720. It is indeed immaterial even if the debtor insists that the claim is valid and should be paid under the plan. Cf., *Mills Conduit Investment, Ltd. v. Leslie,* (1932) 1 K.B. 233; (1932) All E.R. 442. Regardless of anything the debtor or others may or may not do about the allowance of the claim, therefore, nothing can relieve the court of its duty to demand proof from the lender that its claim is free from usury.
>
> Thus, the lender, in proving the absence of usury, deals exclusively with the court in response to a demand for information. Its burden, accordingly, cannot be sustained by an allegation, legal conclusion or by a presentation of evidence merely sufficient to constitute a prima facie case as if it were dealing only with the debtor or some other interested individual. . . .

*Id.* (emphasis added).

■ In examining the appellant's claim, the Bankruptcy Court correctly disallowed any claim for interest and attorneys' fees. The appellant could not sustain her burden of proving that the claim was not tainted by usury, as the note provided for an interest charge in excess of the maximum allowed by law. The Bankruptcy Court properly held:

> The claimant contends that the debtors are estopped from asserting usury as a defense because the interest rate was a term of the note set by the debtors' attorney. This contention overlooks the bankruptcy considerations involved. Allowance of the usurious claim for interest and attorney's fees would reduce the funds available for payment of other claims against the debtors, thereby favoring the claimant at the expense of the debtors' other creditors. Bankruptcy Rule 13–301 disallows usurious claims for the protection of both the debtors and all creditors. The debtors are laypersons; it would be unfair and inequitable to penalize the debtors, and, more so, the debtors' creditors, by allowing the claimant to unlawfully collect usurious interest. Since the usury defense is in the best interest of all creditors, the debtors are not estopped from asserting the defense of usury.

Order at p. 3.

■ Turning to the argument as advanced by the appellant, it is clear that the South Carolina courts would refuse to apply equitable estoppel in the present case.

> The elements of an equitable estoppel as related to the party claiming the estoppel are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) the action based thereon was of such a character as to change prejudicially the position of the party claiming the estoppel.

*Murphy v. Hagan,* 275 S.C. 334, 338–39, 271 S.E.2d 311, 313 (1980). In the present case, the appellant was represented by counsel in the negotiations concerning the sale of Halmark School, Inc., and the execution of the note. Where a creditor is represented by counsel, he "cannot say that he lacked the

938

means to ascertain the requirements of South Carolina usury law." *Id.*

■ Being penal in nature, the South Carolina usury statutes must be strictly construed and a case must clearly fall within its terms. *Jones v. Godwin,* 187 S.C. 510, 198 S.E. 36 (1938). However, where a creditor clearly contracts to receive interest in excess of the legal maximum rate, the South Carolina courts have not hesitated to apply the usury laws.

> The usury statute was enacted to prevent the charging of more interest than that fixed therein. It should be construed to suppress the evil it sought to prevent. The courts ... have uniformly held that no subterfuge or evasion will be permitted to defeat the purpose of the law. *It matters not that there is no intent to do an unlawful act. Here it is the spirit of the law that must be enforced.*

*Schlosburg v. Bluestein,* 150 S.C. 311, 322, 148 S.E. 60, 64 (1929) (emphasis added). The South Carolina legislature clearly intended to disallow the rate of interest contracted for by the appellant, and to allow the appellant a claim for interest and attorneys' fees would defeat this intent.

The appellant also asserts that the appellees are estopped from asserting usury upon a misrepresentation theory. The appellant contends that, by contracting for interest in excess of the legal maximum, the S.L. Ebert School, Inc., impliedly represented that it was exempt from the usury laws under S.C.Code Ann. § 34–31–80. This section provided, *inter alia:*

> No corporation lawfully organized to engage in business for a profit and having an issued capital stock of forty thousand dollars or more par value, or stated value in the case of capital stock without par value, shall by way of defense or otherwise avail itself of the [usury provisions].

■ This estoppel argument must fail for the same reason that the appellant's first estoppel argument fails. Clearly, the appellant had a means of ascertaining knowledge of the capitalization of the S.L. Ebert School, Inc., as a mere inquiry would have revealed the true facts. S.C.Code Ann. § 34–31–80. There was no valid basis for the appellant to rely upon the note as an implied representation of exemption from the usury laws. The mere entry into a financial transaction by a corporation does not in itself constitute an implied representation as to the value of its issued capital stock.

The appellant cites *Maners v. Lexington County Savings and Loan Association,* 275 S.C. 31, 267 S.E.2d 422 (1980), for the proposition that a corporation which enters into an otherwise usurious transaction impliedly represents that it is exempt from the usury laws. *Maners* does not stand for such a proposition. A careful reading of that case reveals that the South Carolina Supreme Court did not consider the issue of implied misrepresentation as to the corporation's capitalization.

The lower court found that the corporation had in fact misrepresented its capitalization, but the record did not reveal whether the misrepresentation was express or implied. The court held that "[a]lthough the record is not clear, no exception was taken to the lower court's finding that [the corporation] misrepresented to the respondent that it was a corporation capitalized at over Forty Thousand ($40,000) Dollars." *Id.* at 35, 267 S.E.2d at 423–24. In *Maners* the issue of misrepresentation was not challenged on appeal.

■ The appellant finally contends that a debtor cannot claim usury unless he pays the entire amount of the principal debt. The case to which the appellant cites, however, does not stand for this proposition. The cited case merely stands for the proposition that the debtor remains liable for the entire amount of the original loan, even where the defense of usury is proven. *Jones v. Kilgore,* 19 S.C.Eq. (2 Rich.Eq.) 63 (1845). The appellees undoubtedly remain liable for the principal amount of the note, and this claim was accorded its proper priority in the appellees' wage-earner plan. There is no requirement, however, that a debtor must pay the entire principal of a

loan as a condition precedent to asserting usury.

Based upon the foregoing reasoning and cited authorities, the court is of the opinion that the Bankruptcy Court properly excluded the appellant's claim for interest and attorneys' fees. The judgment of the Bankruptcy Court is therefore affirmed.