STURKIE v. SOUTHERN RAILWAY.

LIMITATION OF ACTIONS—RAILROADS—SEPARATE COACHES.—An action under the act of 1900, 23 Stat., 457, by a citizen for the penalty for violation by a railroad company of the separate coach law, is barred in one year from violation of the provision.

Before KLUGH, J., Orangeburg, June, 1904. Reversed.

Action by Lawrence K. Sturkie against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *Joseph W. Barnwell,* for appellant.

*Mr. Jas. F. Izlar,* contra.

March 20, 1905.   The opinion of the Court was delivered by

Mr. Justice Woods.   This was an action commenced by plaintiff, a private citizen, on February 27th, 1903, against the Southern Railway Company for the recovery of a penalty of not less than $300 and not more than $500 for not having separate coaches for white and colored passengers on its train between Springfield and Salley, Orangeburg County, on March 17, 1901.   The offense occurred through a mistake in the law and was remedied forthwith, but was admitted. The only question to decide is whether the statute of limitations applying to the action requires the action to be brought in one year or two years.   If the statute limits the action to one year, then the plaintiff's action is too late, and there must be a reversal of the judgment below, and if the limit is two years, then the judgment must be sustained.

The section of the statute which gives the penalty is section 7 of the act of 1900 (23 Stat., 457) :

"Section 7.  Should any railroad or railroad company, its agents or employees, violate the provisions of this act, such railroad or railroad company shall be liable to a penalty of not more than five hundred dollars nor less than three hundred dollars for each violation, to be collected by suit of any citizen of this State, and the penalty recovered shall, *after paying all proper fees and costs,* go into the general fund of the State treasury."

The case turns on the question whether section 114 or section 117 of the Code of Procedure is applicable.   These sections relating to the time within which actions shall be commenced are as follows:

"Sec. 114.  Within two years. * * *

"2. An action upon a statute, for a forfeiture or penalty to the State."

"Sec. 117. An action upon a statute, for a penalty or forfeiture given, *in whole or in part, to any person who will prosecute the same,* must be commenced within one year

14—71.

after the commission of the offense; and, if the action be not commenced within the year by a private party, it may be commenced within two years thereafter, in behalf of the State, by the attorney general or the solicitor of the circuit where the offense was committed, unless a different limitation be prescribed in the statute under which the action is brought."

We have italicized the words upon which the case turns.

The specific point is whether the provision for payment of all proper fees and costs is a provision for the payment of a part of the penalty to the citizen of the State who instituted the suit.

Penal statutes are to be strictly construed. "The rule that penal statutes, as contradistinguished from remedial statutes, must be construed strictly, is but a means of arriving at the intention. When a law imposes a punishment which acts upon the offender alone, and not as a reparation to the party injured, and when it is entirely within the discretion of the law-giver, it will not be presumed that he intended it should be extended further than is expressed; and humanity would require that it should be so limited in the construction as to be certain not to exceed the intention." *State* v. *Stephenson,* 2 Bail., 335; *Kaufman* v. *Carter,* 67 S. C., 312, 45 S. E., 211. The plaintiff, therefore, must show he is entitled to recover under a strict construction of the statutes above quoted. The fees spoken of in this penal statute clearly mean attorneys' fees. An attorney is not presumed to be interested in the result of the suit and to be paid from the recovery, but on the contrary the presumption is that the person who institutes a suit pays his attorneys' fees. The statute under consideration, therefore, contemplates that the citizen who institutes the suit should be reimbursed the fees paid by him to his attorney, and to that extent the penalty recovered is given "to any person who will prosecute for the same," and not entirely to the State. For this reason, we think the action falls under the limitation prescribed by section 117 of the Code of Procedure, and was

barred in one year after the commission of the alleged offense.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the complaint dismissed.