10449

PEOPLES BANK OF DILLON v. PERRIT, ADM'R.
PEOPLES BANK OF DILLON v. BRACY.

(103 S. E. 711.)

1. USURY—ACCEPTANCE OF INDIVIDUAL NOTES OF JOINT DEBTORS HELD A PAYMENT, AND NOT RENEWAL, HENCE NOT AFFECTED BY FORMER NOTE.—Where joint makers of note settled with payee by executing individual notes to the payee, each for part of the total, the old note being marked paid, *held* that it was an absolute payment of the old indebtedness and not a mere renewal or continuance of the indebtedness evidenced by the joint note; and, in an action on the individual notes the Court could not, by reason of a counterclaim for the statutory penalty for usury, inquire as to what part of the amount due on the joint note represented usurious interest, a separate action · to recover the statutory penalty as to such joint note being barred by limitations.

2. USURY—INTEREST RATE CHARGED ON DISCOUNT HELD USURIOUS.— Where at the time of the execution of a note for $650, there being no provision in it, nor in the mortgage securing it, nor any written agreement, authorizing its discount at a higher rate than 7 per cent., payee discounted and received $44.75 for a period of 315 days, the payee thereby received as interest upon the loan evidenced by the note a greater amount of interest than allowed by Civ. Code 1912, sec. 2518.

3. USURY—BURDEN ON DEFENDANT TO PROVE USURIOUS PAYMENTS.— Where contract is not usurious on its face, the burden is on defendant debtor to prove payment of usurious interest.

Before TOWNSEND, J., Dillon, October term, 1919. Affirmed.

Action by the Peoples Bank of Dillon against A. J. A. Perrit, as Adm'r of W. C. Bracy, Deceased, and against Deborah Bracey. From judgment for plaintiff for only partial relief, the plaintiff appeals.

Parts of the decree and judgment of the Court below are as follows:

This is an action for foreclosure of a mortgage securing payment of a promissory note for $650, dated February 19, 1909, due January 1, 1910, and the notes given in renewal thereof. The answer alleges that the debt evidenced by the note secured is a balance due W. C. Bracy and his wife, growing out of an usurious agreement between them and the plaintiff commencing in 1903, and is tainted with usury, and sets up a counterclaim for the statutory penalty for the receipt by the plaintiff of usurious interest under said agreement. The reply denies the counterclaim, and pleads the statute of limitations as a bar thereto.

I find: That in 1903 W. C. Bracy was running a furniture store in Dillon, and arranged with the plaintiff to lend him money on joint papers of himself and wife, for 30-day periods, the loans to be closed and new loans made every 30 days and mortgages given to secure the loan to be kept from the records, and in consideration of this he agreed to pay plaintiff a higher rate of interest than allowed by law on such loans. *Quarles v. Brannon,* 5 Strob. 151, 154. This arrangement was continued by the parties until it was finally closed up and a settlement had on or about February 20, 1909. Plaintiff then held the joint note of W. C. Bracy and Deborah Bracy, dated November 24, 1908, for $4,935.92, due December 24, 1908, on which payments had been made of $260, on December 5, 1908, and $2,314.26 on February 5, 1909. It was claimed at the time of this settlement that a balance of $2,061.66 was due by W. C. and Deborah Bracy

For discussion of question of purchase of paper at a discount as usury. See note 43 L. R. A. (N. S.) 211.

on this joint note. Plaintiff then received from W. C. Bracy and Deborah Bracy in settlement of said joint note, their several promissory notes, as follows: From W. C. Bracy, the note for $650, dated February 19, 1909, secured by the mortgage sought to be foreclosed in this action, and also by his other promissory note, of the same date, for $951.10, secured by a chattel mortgage, which was paid March 4, 1911, and from Deborah Bracy, one of the obligors on the joint note, her several notes of same date, for $600, secured by her mortgage sought to be foreclosed in another action heard along with this. It was the intention of the parties that the prior joint obligation and debt of the Bracys should be settled by the receipt of their several notes above mentioned. The note was then marked paid, and while not actually delivered up to the makers at the time, it was held for them and subject to their order.

I conclude, as a matter of law, that the above stated transaction of settlement between the plaintiff and the Bracys on February 20, 1909, was an absolute payment of their former, or old, obligations, growing out of their joint debt evidenced by the note of November 24, 1908. In legal effect, the transaction was equivalent to the actual payment of the joint debt in money, and the borrowing anew, by each party, of the amount for which he, or she, gave his or her several notes and mortgage. *Compton v. Patterson,* 28 S. C. 115, 5 S. E. 270; *Witte v. Weinberg,* 37 S. C. 590, 591, 17 S. E. 681; *McCullough v. Kervin,* 49 S. C. 445, 449, 27 S. E. 456; *Milford v. Milford,* 67 S. C. 553, 46 S. E. 479; *Bank v. Sarratt,* 77 S. C. 124, 147, 57 S. E. 621, 122 Am. St. Rep. 562; *Shinkle v. First National Bank,* 22 Ohio St. 516. It was in no sense a mere renewal or continuance of the indebtedness evidenced by the joint note, as in *Quarles v. Brannon,* 5 Strob. 151, 154, or *Mayfield v. British & American Mtg. Co.,* 104 S. C. 158, 88 S. E. 370.

Under this view of the facts, it is unnecessary for the Court to inquire what, if any, of the amount due on the joint note of November 24, 1908, represented usurious interest. This action is not brought to recover the principal sum of that debt, but it is to recover moneys due on a different and subsequent contract. *Witte v. Weinberg,* 37 S. C. 582, 593, 17 S. E. 681. A separate action to recover the statutory penalty for receipt of usury in 1909 was barred by the statute of limitations when this action was commenced in 1918.

The note sued on, made by W. C. Bracy for $650, dated February 19, 1909, upon its face is not usurious. But there is no provision in it, nor in the mortgage securing it, nor any written agreement, authorizing its discount at a higher rate than 7 per cent. per annum, the rate prescribed by law. *Tate v. Lenhardt,* 110 S. C. 569, 96 S. E. 722. I find that plaintiff discounted it before maturity at a higher rate than 7 per cent. per annum. The discount originally charged and received by plaintiff was $44.75, or at the rate of 8 per cent. per annum for a period of 315 days. I concluded that plaintiff has received as interest upon the loan evidenced by this note a greater amount than allowed by section 2518 of the Civil Code, and has incurred the forfeiture prescribed by section 2519. *Ehrhardt v. Varn,* 51 S. C. 550, 29 S. E. 225; *Plyler v. McGee,* 76 S. C. 450, 57 S. E. 180, 121 Am. St. Rep. 950; *Tate v. Lenhardt, supra.*

The note and mortgage, dated March 3, 1911, on which the second cause of action is based, was given by defendant to plaintiff as collateral security for an indebtedness due by the Pee Dee Furniture Company. This contract is not usurious on its face, and I do not find that plaintiff has ever charged usurious interest, or that defendant has paid any interest whatever upon this note. The burden was on defendant to prove such payments. *Tate v. Lenhardt,* 110 S. C. 569, 96 S. E. 720, 722. She has failed to prove any.

*Mr. W. C. Moore,* for appellant, cites: *The evidence shows that it was the intention of all the parties that the old indebtedness be wiped out by the new obligation of February 20th:* 28 S. C. 115; 37 S. C. 590; 47 S. C. 445; 67 S. C. 553; 77 S. C. 147; 104 S. C. 367; 22 Ohio St. Rep. 516; 7 Cyc. 749; 29 Cyc. 1136. *Inclusion of interest in face of note a sufficient contract in writing to authorize change of eight per cent. interest:* 39 S. C. 175; 77 S. C. 146. *Withholding attorney's fees is no part of penalty provided by the usury statute:* 109 S. C. 264; 83 S. C. 529.

*Messrs. Sherwood & McMillan* and *L. D. Lide,* for respondents, cite: *More than seven per cent. usurious unless instrument in writing authorizing eight per cent.:* 77 S. C. 141. *Where there is usury only sum actually advanced can be recovered, which excludes attorneys' fees:* 49 S. C. 345. *Whether new obligation was a renewal or payment of old obligation question of fact:* 77 S. C. 141. *If there be usury in original transaction it affects all consecutive securities, and neither renewal of an old or substitution of a new security between the same parties can efface it:* 42 L. Ed. (U. S.) 801. *Even though new parties are brought in or the borrower assumes a different relation to the security:* 39 Cyc. 1003-1005. *Lender cannot retain unlawful gains, or contract for same and by change of securities or renewal of obligation avoid the forfeiture enacted:* 2 Spiers 83. *Unlawful contract when made it could not be made lawful by another contract:* 3 Brev. 54. *Any subsequent contract to pay a usurious contract is itself usurious:* 39 Cyc. 997.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This Court is satisfied with the findings of fact and conclusions of law on the part of his Honor, the Circuit Judge,

.in both cases herein, and does not deem it necessary to add any other reasons to those assigned by him.

Affirmed.