15627

FRICK CO. v. TUTEN *ET AL.*

(29 S. E. (2d), 260)

June, 1943.

*Messrs. Searson & Searson,* of Allendale, S. C., Counsel for Appellants,

*Messrs. Wise & Whaley*, of Columbia, S. C., Counsel for Respondent,

February 29, 1944.

Mr. Associate Justice Stukes delivered the majority Opinion of the Court, with Mr. Chief Justice Baker filing a Dissenting Opinion. The Opinion of the Court follows:

I respectfully disagree with the construction of Section 6740 of the Code of 1942 which the Chief Justice proposes to put upon it in this case. (Such is the only question involved in the appeal, and he has sufficiently stated the facts.)

It can be more conveniently considered and analyzed if reproduced in full: "Any person or corporation who shall receive, or contract to receive, as interest any greater amount than is provided for in section 6740 (6738?) shall forfeit all interest, and the costs of the action and such portion of the original debt as shall be due shall be recovered without interest or costs, and where any amount so charged or contracted for has been actually received by such person or corporation, he or she, or they shall also forfeit double the total amount received in respect of interest, to be collected by a separate action or allowed as a counterclaim in any action brought to recover the principal sum."

It was Section 2 of the comprehensive act upon the subject of interest rates and usury approved February 10, 1898, No. 467 of the session of the General Assembly of that year. XXII Stat., 749. The apparent reason for the enactment, interesting but not especially helpful here, was

a prior decision (or decisions) of this Court construing the pre-existing laws unsatisfactorily to the representatives of the people, the Legislature.

The meaning of the section is clear enough to me if it be considered as a whole, and authority need not be cited for the propriety, indeed necessity, of such consideration for the purpose of construction. It plainly covers the two cases of the (1) contracting for usurious interest and (2) the receipt of such interest. In the first case the intended taker shall forfeit (forego) all interest and costs (both of which he would be entitled to recover except for his violation of the law), and in his suit he will be permitted to recover principal only. And in the other case (2, above), when the usurer has actually received interest above the legal rate, he shall forfeit (pay over) double the amount received as interest, which may be collected by the victim by separate action or by counterclaim in any action brought to recover the principal.

It was unnecessary for the Legislature to use the word "receive," or any equivalent, in the first line, but they did so and I do not think its presence necessitates the distortion of their apparent intention. Undoubtedly, such first use of the word "receive" is related to the second use of it, where reference is made to actual receipt of illegal interest.

In the second paragraph above after the word "forfeit" there are inserted the two different meanings of it as it is used in the statute, and I think upon consideration, the two meanings will be found to be accurately indicated. It is not unusual for a word to have more than one meaning. Reference to the second edition, 1939, of Webster's New International Dictionary, Unabridged, G. &. C. Merriam Company, discloses the two meanings referred to. As a transitive verb the first, preferred, meanings of forfeit are: "To lose, or lose the right to, by some error, fault, offense, or crime; to alienate the right to possess, by

some neglect or crime; *to have to pay as a forfeit."* (Emphasis added to the second meaning.)

The following is copied from the circuit judgment in this case, which I think should be affirmed:

"It is perhaps unfortunate that the Legislature used the word 'forfeit' in both the first and latter parts of the section, as the word has two definitions. Used in one sense it means to lose, or to prohibit the exercise of an existing right, or, as applicable to this situation, to prohibit the right of collecting interest provided for by contract. In the second sense the word means, to pay back, or to pay a penalty in the nature of a disbursement. 26 C. J., 891 [37 C. J. S., Forfeit, page 1]:

" 'Forfeit. In General. A word of well established meaning in the law. Its meaning is to be determined by the connection in which it is used. * * *

" 'As a verb. In its primary use, to lose; and this is also its legal meaning. It has also been defined variously as meaning *to lose by some breach of condition*; to lose by some offense; * * * to pay; *to pay money as a mulct, or for a default or wrong*; * * * also *to become by one's own act or omission liable to be deprived of.* * * *'

"The proper construction of the section and use of the word 'forfeit,' is that the first 'forfeit' was used as meaning the loss of a right, or a prohibition against recovery; while the second 'forfeit' was used in the sense of incurring a penalty, or to disburse funds as payment for an offense."

The decision in *Hardin v. Trimmier,* 30 S. C., 391, 9 S. E., 342, 343, is supposed to have moved the Legislature to pass the Act of 1898 although ten years elapsed between them. Opinion was by Mr. Justice McIver, without dissent. The governing statute then was the Act of 1882, XVIII Stat. 36, which was not materially different in respect to the point under consideration (the difference between (1) and (2) hereinabove) from the present Section 6740. Judge Wallace on trial instructed the jury, in this connection, as

follows: "The section that I have read to you provides that if a man make a stipulation in regard to interest that is unlawful, why the person to whom the money is coming cannot collect more than the sum loaned—cannot collect any interest at all. But here is a section that goes on and provides, suppose he does collect it. Suppose the debtor pays it, what then? Here is what the Act says: 'That any person or corporation who shall receive as interest any greater amount than is here provided for  *  *  *  shall, in addition to the forfeiture herein provided for—that is, the forfeiture of all his interest so as not to collect any of it, shall forfeit also—he shall not only lose all his interest, but he shall forfeit double the sum so received as interest to be collected by a separate action or allowed as a counterclaim  *  *  *.' "

The only error found in the quoted charge, in the exhaustive opinion of the Court, was that the second forfeiture exacted by the law was double the amount of the *excess* interest only, so it is plain judicial recognition of the propriety of the construction of the present law which is herein advanced. Indeed, the lawmakers seem to have adopted the interpretation of Judge Wallace, made his language a little more formal and incorporated it in the new law, the Act of 1898, now Sec. 6740 of the present (1942) Code.

There is certainly nothing contrary (to what has been said) in the able opinion for this Court by Mr. Acting Associate Justice Lide in *Jones v. Godwin,* 187 S. C., 510, 198 S. E., 36, 42. Instead, I think there may be appropriately quoted therefrom the following: "And besides, the usury statute being highly penal it must be strictly construed, and the case must be clearly shown to come within its terms. *Butler v. Butler,* 62 S. C., 165, 40 S. E., 138; *Peoples Bank v. Perrit,* 114 S. C., 362, 103 S. E., 711."

Reverting to *Hardin v. Trimmier, supra,* and the charge of the trial Judge there, it seems to me that explanation is easily found for use of the word "all,"

of such strong influence upon the Chief Justice. The rule of *Hardin v. Trimmier* was that the usurer was penalized by being made to forfeit double the excess of interest received; he was entitled to interest at the lawful rate but required to disgorge double the excess. The law is now quite clear that, upon contracting for illegal interest, the usurer forfeits all interest, that which he may have contracted legally to receive and the excess as well; and should he actally receive usurious interest he is made to forfeit (pay back) double the total amount received. In this light it does not seem to me that the significance can be properly attached to the word "all" which the Chief Justice gives it. His result is a quadruple penalty upon the usurer who actually receives unlawful interest, for he is not only unable to collect interest at the legal rate, but must disgorge doubly under the second provision of the Act (2 above), and the proposed judgment reversing this case would cause him to forfeit the same sum again, which I do not think is justified under the law, particularly in view of the strict construction of usury statutes (because they are penal) under the former decisions of this Court. "All interest" in the statute means the total of the interest at a legal rate and the illegal overplus.

One more thought: The "first penalty" part (1, above) of the statute, that immediately here involved, expressly allows recovery of the "original debt * * * without interest or costs." How can it in reason be reduced by the amount of interest contracted for (but not received) without doing violence to the statute? I do not think it can.

The foregoing, having been concurred in by a majority, is the judgment of the Court; the exceptions are overruled and the judgment of the Circuit Court is affirmed.

Mr. Associate Justice Fishburne and Circuit Judges Wm. H. Grimball and L. D. Lide, Acting Associate Justices, concur.

Mr. Chief Justice Baker (dissenting):

Frick Company, plaintiff below and respondent here, brought action seeking the recovery of certain machinery, or its value if possession could not be had, which property had been sold by it to appellants under a title retention contract. It was alleged that a certain note given by appellants, defendants below, to respondent, as evidence of a portion of the purchase price of the machinery, was unpaid to the extent of $2,167.67. The note is set out in full in the complaint and contains a provision for the payment of interest to maturity at the rate of 6% per annum, and for interest after maturity at the rate of 8% per annum. The contract of purchase is also set out in the complaint, as an exhibit thereto, and shows the execution by appellants of two other notes in the same amount as the note being sued on, and the payment of additional sums on the purchase price. The basis of the right to possession of the machinery is an alleged default in the payment of the purchase price as provided for in the contract of purchase, commonly spoken of as a title retention contract.

W. R. Tuten, B. H. Tuten and C. M. Tuten, defendants below and appellants here, served an answer setting up a usurious contract and the payment of usurious interest, alleging that $269.32 had been paid as interest at 6% per annum and $1,504.42 at 8% per annum, or that a total of $1,773.74 had been paid by them to respondent as interest on the note set out in the complaint and the two other notes referred to in the contract to purchase. The answer alleges that by reason of the usurious character of the notes in question, the respondent should be made to forfeit all unpaid interest, together with all interest collected from them, as well as pay the costs of the action. The prayer of the answer is that respondent be required to forfeit and pay to appellants the total amount of interest heretofore paid to it by them, namely, $1,773.74, on all three notes, as well as pay the costs of the action. It is admitted that the defense of usury as set up by the answer relates only to the first

part of Section 6740 of the 1942 Code of Laws, that is, the following portion thereof: "Any person or corporation who shall receive, or contract to receive, as interest any greater amount than is provided for in section 6740 (6738) shall forfeit all interest, and the costs of the action and such portion of the original debt as shall be due shall be recovered without interest or cost   *   *   *." For convenience in this opinion, we shall refer to this part of the section as the first penalty, and to the remainder of the Section as the second penalty.

Respondent demurred to the answer of appellants upon the ground that the same did not state facts sufficient to constitute a counterclaim or defense, which demurrer set forth four specific reasons wherein the answer was deficient, and substantially challenges the sufficiency of the answer upon the following grounds:

First: That the forfeiture of interest claimed under Section 6740 of the Code is interest which has already been paid and said section is not directed to an executed transaction with regard to the forfeiture of interest.

Second: That Section 6740 of the Code in respect to the forfeiture of interest relates only to the forfeiture of unpaid or uncollected interest.

Third: That Section 6740 of the 1942 Code relates to interest greater than provided for in Section 6740 and Section 6740 of the 1932 Code relates to interest greater than provided for in Section 6739, and neither of said related sections mention any rate of interest.

Fourth: That the present action is in claim and delivery and not to recover any principal sum due, against which a counterclaim for penalty or forfeiture cannot be maintained.

The trial Judge sustained the demurrer upon the first and second grounds above set forth, overruled the third ground and found it unnecessary to consider the fourth. This appeal is from the order sustaining the demurrer.

With reference to the third ground of the demurrer, we think it well to point out the very obvious error in Section 6740 of the 1942 Code wherein Section 6740 is referred to instead of Section 6738 which was undoubtedly intended. This appeal, however, raises no issue thereabout.

The trial Judge sustained the first ground of the demurrer upon the authority of the case of *Milford v. Milford,* 67 S. C., 553, 46 S. E., 479. In this case and in the earlier case of *Butler v. Butler,* 62 S. C., 165, 40 S. E., 138, 140, the usury statute applicable to the issues was Section 1390, Revised Statutes of 1893. This section very plainly provided that no person or corporation lending or advancing money or other commodity upon a greater rate of interest than therein provided shall be allowed to recover in any Court of this State any portion of the interest so unlawfully charged and the principal sum, amount or value so lent or advanced, without any interest shall be deemed and taken by the Courts of this State to be the true legal debt or measure of damages, to all intents and purposes whatsoever, to be recovered without costs. In *Milford v. Milford, supra* [67 S. C., 553, 46 S. E., 484], this Court quoted from *Butler v. Butler,* as follows: "Section 1390 (Rev. St., 1893) only prohibits the recovery of any interest upon a contract tainted with usury, and there is nothing in the statute which either expressly or by necessary implication provides that interest paid for or to the commencement of any action upon a contract infected with usury and credited as such shall be regarded as a payment upon the principal sum loaned and so credited." Upon this construction of Section 1390 (Rev. St. 1893) the Court announced that it was the law in this State that you cannot impute usury to an executed transaction. Obviously this is no longer a correct statement of the law if the usury statute in force at the present time does either expressly or by necessary implication provide that interest paid for or to the commencement of any action upon a contract infected with usury and credited as such shall be

regarded as a payment upon the principal sum and so credited. The second ground of the demurrer raises this issue and therefore our determination of the second ground of the demurrer will dispose of this question.

The trial Judge sustained the second ground of the demurrer and construed the portion of Section 6740 of the present Code pertinent to the answer to provide for the forfeiture only of unpaid interest. So far as we have been able to find this Court has never had occasion to determine the exact extent of the penalty provided for by the first part of the section. In *Jones v. Godwin*, 187 S. C., 510, 198 S. E., 36, we recognized that the section provides for two penalties, stating that under the first penalty all interest shall be forfeited as well as the costs of the action, which was nothing more than a statement of the words used in the statute. In *Schlosburg v. Bluestein*, 150 S. C., 311, 148 S. E., 60, this Court affirmed the judgment of the Circuit Court, and from the result which obtained it would appear that the trial Judge in this case correctly construed the first part of Section 6740 to apply only to unpaid interest, but such was not the case because in the *Schlosburg case* there was no issue relating to the first part of the section. The only claim made under the section related to the latter part thereof wherein a penalty of double the amount of interest actually received is provided for.

In the construction of a statute it is necessary that due regard be given to all of the words used and their plain ordinary meaning accepted, unless to do so would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature, or would defeat the plain legislative intention. In such a situation the statute should be construed so as to escape the absurdity, if possible, and carry into effect the obvious intention. Could we say, as has been suggested, that it would be so absurd that it could not possibly have been intended by the Legislature, or defeat the obvious intent, to conclude that the first penalty under the

statute relates to the forfeiture of interest which has been paid as well as unpaid? We think not. The determination of the degree of penalty for usury is solely in the Legislature. It and it alone has the right to prescribe a penalty for usury. Of course the right is limited by any constitutional prohibition, but unless the degree of the penalty or the infliction of the penalty violates some constitutional provision, it is not in our province to reject it. Certainly we could not say a penalty for usury equal to all interest paid and unpaid, plus twice the amount of interest actually paid would be absurd or unreasonable. We cannot reject such a construction of the statute if the words used have this meaning and no other.

As above pointed out, in *Jones v. Godwin, supra,* we held that Section 6740 provides for two penalties. The penalties are separate and distinct. We need not consider the second penalty, unless its text has some reference to the first penalty, or by considering the section as a whole a different meaning is imparted to the words used in the first penalty.

We find in 66 C. J., 262: "When the statute declares that the penalty of usury shall be *the forfeiture of all interest* contracted to be paid, the lender has a right of action on the usurious contract, and may in such action, recover the sum actually loaned or paid, but can recover no interest, and any payments already made on the usurious contract will be credited as payments on the amount legally due * * *." (Italics added.)

We are very much impressed by this statement. The use of the words "all interest" must and does mean both paid and unpaid interest. To limit the meaning of "all interest" to only unpaid interest would be to give to the word "all" a meaning which it could not possibly imply under any conditions. Could we say that "all interest" means only unpaid interest, any more than we could say it means only the portion of the interest which exceeded the legal rate? We think not. The use of the word "forfeit" as a verb with the phrase

"all interest" as its object could therefore mean only the one thing, the forfeiture of both paid as well as unpaid interest. The penalty thus provided, as well as the second penalty, is against "any person or corporation who shall receive, or contract to receive, as interest any greater amount than is provided for in section 6740 [6738]."

Unless, therefore, the words used in the balance of the section qualify the plain meaning of the words used in the first penalty or a consideration of the section as a whole leads to the inescapable conclusion that the words used in the first penalty impart a different meaning, we are obliged to hold that the first penalty is a forfeiture of both unpaid and paid interest, as well as the costs of any action to recover any part of the original debt.

We have considered very carefully the reasons assigned by the very able trial Judge in his order sustaining the demurrer to the answer, wherein he construes the first penalty under Section 6740 to relate only to unpaid interest, but they lead us only to the conclusion which we arrived at independently thereof, namely, that the Legislature could have by the use of different words made its intention clearer. This is by no means a reflection on the Legislature. All of us seek perfection, but never obtain it. Many decisions of this Court, perhaps this very decision, could by a different choice of words be made much clearer. But this is not sufficient reason to reject the plain meaning of the words used.

Just why there is an absence of a directed manner of recovery by the debtor in the first penalty, while in the second penalty there is provided an alternate one, we do not know. Indeed there was no need of providing a manner of recovery under either penalty for the failure to do so would not have deprived the debtor of the right by direct action or by a counterclaim in an action brought on the usurious contract. Perhaps it came about by the use of parts of Sections 1390 and 1391, Revised Statutes of 1893, which were repealed when what is now Section 6740 was originally passed. Per-

haps the Legislature did not want to force a debtor to counterclaim for the second penalty in an action on the usurious contract, but left him with an alternate remedy by a separate action, even though an action were brought against him. Perhaps a number of other reasons might be thought up, but we know of none which would tend to alter in the slightest the plain meaning of the words used in the first penalty.

Just why the penalties provided by Section 6740 were divided into two separate and distinct ones, we do not know. It may have been to allow the victim of a usurious contract the right to invoke one, the other, or both of the penalties as he might choose, even though such would not be necessary to accomplish the desired result. There may be other reasons, but none occurs to us which would lead to the conclusion that the plain meaning of the words used should not be accepted.

We find nothing in the second penalty, or in the Section as a whole, which would warrant our rejecting the plain meaning of the words used in the first penalty.

For the reasons set forth we conclude that the first penalty under Section 6740 relates to interest which has been paid as well as to unpaid interest, and that thereunder any payments made on account of interest should be credited on the principal due, or recoverable as a counterclaim.

We have passed upon the issues made by this appeal, and they involve only the first two grounds of the demurrer.

The order of the trial Judge sustaining the demurrer to the answer should be reversed, and the case remanded.