ROCKTON & RION RY. v. DAVIS et al.

No. 5514.

Circuit Court of Appeals, Fourth Circuit.

Dec. 12, 1946.

Robert W. Hemphill and Paul Hemphill, both of Chester, S.C. (John M. Hemphill, of Chester, S.C., on the brief), for appellant.

W. K. Charles, of Greenwood, S.C., for appellees.

George M. Szabad, Atty., United States Department of Labor, of Washington, D.C. (William S. Tyson, Sol., and Morton Liftin, Asst. Sol., both of Washington, D.C., George A. Downing, Regional Atty., of Atlanta, Ga., and Frederick U. Reel, Atty., United States Department of Labor, of Washington, D.C., on the brief), for Administrator of Wage and Hour Division, United States Department of Labor, amici curiæ.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Cortez Davis and others, as plaintiffs, employees of the Rockton & Rion Railway, a corporation (hereinafter called Rockton) brought civil actions against Rockton, as defendant, to recover alleged unpaid minimum wages, overtime compensation, liquidated damages and attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201-219. From judgments in the District Court of the United States for the Western District of South Carolina, in favor of plaintiffs, Rockton has duly appealed.

Only two questions are presented in this appeal. (1) Is Act 221 of the General Assembly of South Carolina for 1945, 44 Stat. at Large, p. 377, applicable to the claims of plaintiffs so as to bar these claims save as to such sums as might be due and owing within one year next preceding the institution of these actions? (2) Are the liquidated damages provided in Section 16(b) of the federal Fair Labor Standards Act a "penalty or forfeiture" under Section 389, Code of Laws of South Carolina, 1942, so as to be barred unless an action therefor be instituted within the period of three years prescribed by this South Carolina statute? The District Court answered both these questions in the negative and we think answered them both correctly.

The first of the statutes of South Carolina, Act No. 221 of 1945, provides in part: "All suits, or actions * .* * relating to wages· claimed under a federal statute * * * must be begun within a year from the time of the accrual of the demand."

The second of these South Carolina statutes, § 389, Code of Laws of South Carolina, 1942, provides in part: "An action upon a statute for a penalty or for-

forfeiture * * *" is barred if not instituted within three years.

■ It is admitted that since no period of limitations for suits by employees under the Fair Labor Standards Act is prescribed by this or any other federal statute, these suits here are governed by the applicable state statutes of limitations, provided, of course, these statutes are valid. Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29; Hall v. Ballard, 4 Cir., 90 F.2d 939. We proceed, then, to discuss the applicability of the two statutes of South Carolina, and the validity of the one first mentioned.

■ The effective date of the first mentioned South Carolina statute of limitations, No. 221 of 1945, was May 25, 1945; the instant civil actions were commenced on June 22, 1944. It is a familiar rule of law that retroactive legislation is not favored and that statutes are to be construed as operating not retroactively but only prospectively, unless a contrary intention is manifest in either the express language of the statute or the clear and unmistakable purport of the legislature. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858; Miller v. United States, 294 U.S. 435, 439, 55 S.Ct. 440, 79 L.Ed. 977; Claridge Apartments Co. v. Commissioner of Internal Revenue, 7 Cir., 138 F.2d 962; Colgate-Palmolive-Peet Co. v. United States, D.C., 37 F.Supp. 794; 59 C.J. 1175. And quite clear on this subject are the words of the Supreme Court of South Carolina, in Barnes v. Bell, 10 Rich. 376:

"Statutes should be construed so as to operate in futuro, unless a retroactive effect be clearly intended. It is a general rule that no statute shall be construed to have a retrospective operation without express words to that effect. Nor does the law favor a repeal by implication, it never being allowed unless the repugnancy be plain. But these are familiar principles that call for no authorities to sustain them—the question is do they reach the case.

"When this action was commenced rights attached, and it is clear upon principle, that the relation of litigant parties should not be varied without some clearly expressed purpose."

We agree with the District Court: "There is nothing in the Act to indicate that the Legislature of South Carolina intended to make it retroactive in effect. Therefore, the statute establishes rules for the future and does not change the status of claims pending on its effective date."

This statute, therefore, has no application whatever to the claims set out by the plaintiffs in the instant case.

■■ We think, too, that this statute is invalid. The statute is directed solely at claims "relating to wages claimed under a federal statute." It is a fair inference that the statute was purposively aimed at the Fair Labor Standards Act. The law seems well settled that a statute of limitations of a State is unconstitutional when the statute is directed exclusively at claims arising under a federal law. And particularly is this true when the State statute of limitations is discriminatory in its effect in favor of State claims and against Federal claims; for the ordinary wage claims arising in South Carolina would not be barred in less than six years under the South Carolina statute of limitations. Republic Pictures Corporation v. Kappler, 66 S.Ct. 523, affirming 8 Cir., 151 F.2d 543, 162 A.L.R. 228; Miles v. Illinois Central R. Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104; McKnett v. St. Louis & San Francisco R. Co., 292 U.S. 230, 234, 54 S.Ct. 690, 78 L.Ed. 1227; Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280. And see, E. H. Clarke Lumber Co. v. Kurth, 9 Cir., 152 F.2d 914; Fullerton v. Lamm, Or., 163 P.2d 941. Cf. Swick v. Glenn L. Martin Co., U.S.D.C.Md. 1946, 68 F.Supp. 863.

We think it is unnecessary to consider and pass upon the other grounds upon which the validity of the one-year statute is attacked.

■ Next, as to the second South Carolina statute of limitations, § 389, Code of Laws of 1942. The liquidated damages provided by the Fair Labor Standards Act are not a "penalty or forfeiture" as those terms are used in the South Carolina stat-

ute. This statute is, therefore, inapplicable to claims for liquidated damages under the Act.

The United States Supreme Court has indicated in no uncertain terms that liquidated damages under the Act "are compensation, not a penalty or punishment by the Government." Overnight Motor Co. v. Missel, 316 U.S. 572, 583, 584, 62 S.Ct. 1216, 1223, 86 L.Ed. 1682. To the same effect are Schulte v. Gangi, 1946, 66 S.Ct. 925, 928, 929; Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed 1296. See, also, Northwestern Yeast Co. v. Broutin, 6 Cir., 133 F.2d 628, 630; Forsyth v. Central Foundry Co., 240 Ala. 277, 198 So. 706; Emerson v. Mary Lincoln Candies, 287 N.Y. 577, 38 N.E.2d 234.

It has generally been held that statutes of limitations applicable to penalties or forfeitures do not control suits under the Fair Labor Standards Act. Culver v. Bell & Loffland, 9 Cir., 146 F.2d 29; Smith v. Continental Oil Co., D.C., 59 F.Supp. 91, 93; Reliance Storage & Inspection Co. v. Hubbard, D.C., 50 F.Supp. 1012; Abram v. San Joaquin Cotton Oil Co., D.C., 46 F. Supp. 969; Divine v. Levy, D.C., 45 F. Supp. 49; Walsh v. 515 Madison Avenue Corporation, 293 N.Y. 826, 59 N.E.2d 183. And see note, Limitation of Actions under Section 16(b) of the Fair Labor Standards Act, 45 Col.Law Rev. 444. Cf. Southern Package Corporation v. Walton, 196 Miss. 786, 18 So.2d 458, 459, certiorari denied, 323 U.S. 762, 65 S.Ct. 93, 89 L.Ed. 609.

The authoritative interpretation of the words "penalty or forfeiture" in this South Carolina statute of limitations is the task of the Supreme Court of South Carolina. It seems a fair inference, though, that this court, in so doing, will follow the decisions of the United States Supreme Court and conclude that liquidated damages provided by the Fair Labor Standards Act are not a "penalty or forfeiture" under § 389, Code of Laws of South Carolina, 1942.

Indeed, the Supreme Court of South Carolina has gone very far in giving a limited scope to the provisions relating to penalties and forfeitures in the statutes of limitations of that State. In Lipscomb v. Seegers, 19 S.C. 425, 433–444, the defendant had hired convicts from the State penitentiary under a contract made pursuant to a State statute, that if any convicts escaped due to negligence he would pay a penalty or forfeiture of $50 for each year of the unexpired term of the escaping convicts. It was held, even though the statute relative to the escaped convicts used the words "penalty or forfeiture", the recovery there provided was more in the nature of liquidated damages and was not a "penalty or forfeiture" as those terms were used in the statute of limitations. In the light of this decision, we are not disturbed by the cases, relied on by appellant, of Frick Co. v. Tuten, 204 S.C. 226, 29 S.E. 2d 260 (forfeiture for usury); and Sturkie v. Southern Railway, 71 S.C. 208, 50 S.E. 782 (penalty for violation of the separate coach law).

The judgment of the District Court is affirmed.

Affirmed.