17869

ATLANTIC DISCOUNT CORPORATION, Respondent, v. Charles S. DRISKELL and Betty C. Driskell, Appellants

(123 S. E. (2d) 832)

*Messrs. Chapman & Hooper,* of Greenville, *for Appellants,*

*Julius B. Aiken, Esq.,* of Greenville, *for Respondent,*

February 5, 1962.

LEGGE, Justice.

On June 19, 1959, appellants executed and delivered to respondent, a loan company, their promissory note in the amount of $576.00 payable in eighteen consecutive monthly instalments of $32.00 each commencing July 15, 1959, with interest after maturity at the rate of seven (7%) per cent per annum, and, as security for its payment, a mortgage of household furniture. On May 25, 1960, respondent brought this action for equitable foreclosure of the chattel mortgage, alleging that the note was in default, that there was a balance of $232.86 due and unpaid thereon, plus $50.00 by way of a reasonable attorney's fee as provided in the mortgage, making a total indebtedness of $282.86, and praying judgment in that amount and sale of the mortgaged chattels and application of the proceeds toward payment of the judgment and costs.

Appellants pleaded, *inter alia,* by way of counterclaim, that although the note which they had executed was for $576.00, the cash actually advanced to them was only $425.00; that the transaction was thus usurious and they were accordingly entitled, under Section 8-5 of the 1952 Code, to recover double the amount of interest so paid; and they prayed for an accounting of the interest paid by them, and for judgment in double the amount so found.

Replying to the counterclaim, respondent denied the charge of usury, admitted that the amount advanced by it to appellants was $425.00, admitted that payments had been made aggregating $180.80, and alleged that the balance due was $244.20.

The Master, to whom the cause had been referred, found from the evidence that the respondent had taken in advance, by way of discount, the sum of $151.00, being the difference between the face of the note, $576.00, and the amount actually advanced to the appellants, $425.00; and that this difference was accounted for as follows:

$ 15.00 ..Premium on required insurance of borrowers, lives
1.25 ............Cost of recording chattel mortgage
.24 .......Documentary stamps on chattel mortgage
134.51 ........................Interest in advance

$ 151.00

He held that the discounting of such usurious interest in advance amounted to receipt of it under Section 8-5 of the Code and that appellants were therefore entitled, under that Section, to recover double said amount, or $269.02; and, setting that amount against the admitted unpaid balance, $244.20, of the actual cash advanced to appellants, he found a balance of $24.82 due them by respondent, and recommended judgment accordingly.

On appeal, the Judge of the County Court, agreeing with the Master that $134.51 of the "discount" of $151.00 represented a charge of usurious interest, found and held that such amount had not been actually received and collected by the lender, and that therefore the borrowers were not entitled under Section 8-5 to recover double that amount, but were entitled to recover double the amount that should have been allocated as interest in the aggregate of the monthly payments made by them. He held that of each such payment $23.61, or 73.78%, should have been credited to principal; $7.47, or 23.35% to interest; and $.92, or 2.87% to costs; and, applying those percentages to the $180.80 paid by the appellants, he held that $133.39 should be credited to principal, $42.21 to interest, and $5.20 to costs (referring, we assume, to the insurance premium, the recording fee, and the documentary stamps before mentioned). Accordingly,

he held that the respondent was entitled to recover $291.61 ($425.00 less $133.39) without interest, and that appellants were entitled to recover double the amount of interest paid, or $84.42, plus the "cost" of $5.20 paid, a total of $89.62, with a resulting balance of $201.99 in favor of the respondent, for which he ordered judgment and foreclosure and sale of the mortgaged chattels, with all costs to be borne by the respondent.

Appellants' exceptions charge that the County Judge erred:

1. "In holding that discounting interest in advance is not 'receiving' interest within the meaning of Title 8, Section 5, of the 1952 Code of Laws of the State of South Carolina";

2. In failing to hold that the respondent, having come into equity with unclean hands, was not entitled to the equitable remedy of foreclosure; and

3. In not holding that the mortgage was void under Sections 45-155 and 45-156 of the 1952 Code.

The questions sought to be raised by the two exceptions last mentioned were not presented before or passed upon by either the Master or the Judge of the County Court. They are therefore not properly before this court. *Taylor v. Taylor,* 229 S. C. 92, 91 S. E. (2d) 876; *Lisenby v. Newsom,* 234 S. C. 237, 107 S. E. (2d) 449; *Edwards v. Great American Ins. Co.,* 234 S. C. 404, 108 S. E. (2d) 582; *Thomas & Howard Co. v. Fowler,* 238 S. C. 46, 119 S. E. (2d) 97; *Stanley v. Reserve Ins. Co.,* 238 S. C. 533, 121 S. E. (2d) 10; *City of Florence v. Turbeville,* 239 S. C. 126, 121 S. E. (2d) 437.

The first exception does not accurately state the ruling of the lower court. Insofar as the exception attempts to challenge it, that ruling was: that the evidence did not support the Master's finding that the amount of usurious interest actually received by the respondent was $134.51; that it did show that the amount of such interest so received was

$42.21; that therefore the amount recoverable by the appellants under the double penalty provision of Section 8-5 was $84.42, and not $269.02 as found by the Master; and that the Master's report should be modified accordingly. We shall consider this exception as sufficiently challenging that ruling.

Section 8-3 of the Code prescribes six per cent per annum as the maximum rate of interest chargeable for the lending of money, except that by express agreement in written contracts seven per cent may be charged.

Section 8-5 provides that "any person who shall receive or contract to receive as interest any greater amount than is provided for in § 8-3 shall forfeit all interest and the costs of the action and such portion of the original debt as shall be due shall be recovered without interest or costs." It further provides that "when any amount so charged or contracted for has been actually received by such person he shall also forfeit double the total amount received in respect of interest, to be collected by a separate action or allowed as a counterclaim in any action brought to recover the principal sum."

Two distinct penalties are here provided: one, the forfeiture of all interest and costs, is incurred by the very making of the usurious contract; the other, liability to the borrower for double the amount of usurious interest, is incurred only when the lender has "actually received" such interest, and only with respect to interest so received. With the first of these penalties we have no concern; the transaction was admittedly usurious and the respondent does not challenge the ruling that it has thereby forfeited all claim to interest and that its recovery is limited to the unpaid principal balance of the debt. The only issue before the lower court was factual, to wit: was interest "actually received" by the respondent, and, if so, how much.

Appellants offered no testimony. Respondent's manager, who was the only witness, testified: that the amount that

appellants desired to borrow, and did actually receive, from respondent, was not $576.00, but $425.00; that of the additional $151.00 included in the face of the note $.24 represented the cost of documentary stamps, $1.25 the cost of recording the mortgage, $15.00 the cost of the life insurance premium, and $134.51 interest on the loan of $425.00; that none of these charges was paid by appellants at the time of making the loan or withheld by the lender from the amount that they intended to borrow; that neither the interest nor any other of the charges mentioned was to be paid or collected until after the principal of the loan had been repaid; and that all payments made by the appellants, amounting to $180.80, had been credited against the principal, $425.00, and respondent was asking for only the unpaid balance of $244.20.

But the note and chattel mortgage, which respondent had put in evidence, said otherwise. They provided that the face amount of the note, $576.00, should be paid in eighteen successive instalments of $32.00 each; and it is thus manifest that by express agreement between the parties each monthly payment made by the appellants was to include, and did include, not only a portion of the $425.00 that they had borrowed, but also a portion of the usurious interest, and of the other charges, before mentioned.

The Judge of the County Court, accepting the plain language of the written contract rather than the testimony of respondent's manager, apportioned, by percentage, the total amount paid, $180.80, among the several items of principal, interest, and "costs". His conclusion is clearly sustained by the evidence; the correctness of his calculation is not challenged. Whether the amounts so found to have been actually paid by the appellants for insurance premium, recording fee, and documentary stamps, in the aggregate amount of $5.20, are technically "costs" the recovery of which by the usurer is forbidden under Section 8-5, is a matter that we need not and do not decide. No exception was taken to the trial court's disallowance of these items.

The Judge of the County Court held, correctly, we think, that the cases of *Carolina Savings Bank v. Parrott*, 30 S. C. 61, 8 S. E. 199, and *Peoples Bank of Dillon v. Perritt*, 114 S. C. 362, 103 S. E. 711, upon which the Master based his finding that the entire amount of usurious interest, $134.51, had been paid by the "discounting" of the note, are not decisive of the issue here.. In the *Parrott case* it is apparent that the amount of the loan was $2,000.00; that the note, which was in that amount, by its terms bore interest from date at the rate of ten per cent per annum (which was legal only by express written agreement, the maximum rate otherwise being 7%) ; and that the bank, although allowing the interest to run from the date of the note to its maturity, added such interest, in the amount of $177.78, to the face of the note, arriving at $2,177.78 as the "value of the note at maturity" and thereupon deducted from that amount $193.50, as "discount interest at 10 per cent to maturity", making the "net proceeds of discount $1,984.28". The issue there, which the court resolved in favor of the borrower, was whether thus discounting the interest at 10% in the absence of written agreement so providing, constituted receipt of usurious interest on interest, prohibiting the lender, under the statute then in force (18 Stat. at L. 36) from recovering more than the principal sum lent, *viz.*, $1,984.28, after the allowance of all just credits, "without interest or costs", and entitling the borrower to recover, as an additional forfeiture, double the amount of the usurious discount, in excess of 7%, on interest.

Nor is the *Perritt case* in point. There the circuit judge found as a fact that the bank had not only charged but also received usurious interest by way of discount.

In the case at bar the evidence clearly shows that the appellants desired to borrow $425.00; that they did receive from the respondent that amount, without any deduction by way of discount; and that the note included, in addition to the amount so advanced, usurious interest in the sum of $134.51 and other charges amounting to

$16.49, so that its face amount was $576.00, which by its terms was to be paid in eighteen monthly instalments of $32.00 each. Appellants' contention that the respondent withheld and thus actually received, by way of discount, usurious interest in the amount of $134.51 is without evidentiary support. The trial judge correctly held, under the evidence, that the amount of such interest actually received by the lender was $42.21.

Affirmed.

TAYLOR, C. J., and Moss and LEWIS, JJ., concur.